DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable David Rubin, Judge of the Superior Court of
    California, County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>          Plaintiff,<br><br>     v.<br><br>DAVID RUBIN AND BRIAN CORNELL,<br><br>          Defendants. | Case No. 08-CV-0244 W (BLM)<br><br>DEFENDANT JUDGE RUBIN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE<br><br>**[No Oral Argument Pursuant to Civil Local Rule 7.1(d.1)]**<br><br>Date : April 1,2008<br>Time : 10:30 a.m.<br>Crtrm : 7 (3rd Floor)<br>Judge : The Hon. Thomas J. Whelan |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# TOPICAL INDEX

Page

TABLE OF AUTHORITIES………………………………..…...……… -iii-

I.    SUMMARY…...………….......……………...….………….. 1

II.   BACKGROUND……………………………………………. 1

III.  PLAINTIFF'S ALLEGATIONS...…………………………. 2

IV.   ARGUMENT

      A.    STANDARD OF REVIEW…….........……………………… 4

      B.    JUDICIAL IMMUNITY PRECLUDES THIS LAWSUIT
            AGAINST JUDGE RUBIN……………………...……………… 4

      C.    ELEVENTH AMENDMENT IMMUNITY BARS
            PLAINTIFF'S CLAIMS................................................. 6

      D.    THE DISTRICT COURT SHOULD DISMISS THIS
            ACTION BASED ON ABSTENTION DOCTRINE.................. 9

      E.    PLAINTIFF CANNOT STATE A CLAIM FOR
            CONSPIRACY………………………………………. 10

V.    CONCLUSION……………………………….……………….…... 12

# TABLE OF AUTHORITIES

Page

## <u>CASES</u>

*Animal Legal Defense Fund v. Mendes*, No. F052009, __ Cal. App. 4th __,
    2008 Cal. App. LEXIS 229, 2008 WL 400393 (Cal. App. 5 Dist.
    Feb. 15, 2008)……………………………………………………… 11

*Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct.
    3142, 87 L. Ed. 2d 171] (1985).................................................. 6

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)............. 4

*Bradley v. Fisher*, 80 U.S. 335, 347 [20 L. Ed. 646, 13 Wall. 335] (1871)....... 4

*Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053
    (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992)................................ 6

*Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999)............ 7

*Carlsbad Aquafarm, Inc. v. Department of Health Services*,
    83 Cal.App.4th 809, 817 (2002)………………………………………… 11

*Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002)……………. 11

*Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980)… 5

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483,
    n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983).................................... 9

*Dittman v. California,* 191 F.3d 1020, 1025-1026 (9th Cir. 1999),
    *cert. denied*, 530 U.S. 1261 (2000)............................................. 6

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029
    (9th Cir. 2001)........................................................................ 9

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963)...... 7

*Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)................ 6

*Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*,
    365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)...................... 12

*Ex Parte Young*, 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908)............ 8

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284
    [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005).......................... 9

*Federal Maritime Commission v. South Carolina State Ports Authority*,
    535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002)............. 6

*Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979)..... 5

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*,
    527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999)............. 6

*Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)............................... 6

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103,
    1110 (9th Cir. 1987).................................................................. 7

*Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000)............................... 4

*H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S. Ct.
    2893, 106 L. Ed. 2d 195] (1989)............................................. 11, 14

*Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000)............. 11

*Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S.
    1148 (1998)............................................................................. 8

TABLE OF AUTHORITIES

Page

<u>CASES</u> (cont'd)

*Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed.
  2d 114] (1985) ........................................................    7

*Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006)...    9, 10

*McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734,
  138 L. Ed. 2d 1] (1997) ............................................    8

*Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert.
  denied*, 528 U.S. 1005 (1999) ....................................    7

*Mendocino Environmental Ctr. v. Mendocino County*, 192 F.3d 1283, 1301
  (9th Cir. 1999)……………………………………………………..    10

*Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991)........    5

*Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988),
  *cert. denied*, 490 U.S. 1081 (1989)……………………………………    8

*Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519
  U.S. 1118 (1997)....................................................    5

*Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988)    11

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998)....................    10

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct.
  900, 79 L. Ed. 2d 67] (1984)....................................................    6

*People v. Black*, 41 Cal. 4th 799, 808 (2007)……………………………………    6

*People v. Kriss*, 96 Cal. App. 3d 913, 921 (1979)……………………………..    2

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*,
  506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993)...............    7

# TABLE OF AUTHORITIES

Page

## <u>CASES</u> (cont'd)

*Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997)..................................................... 8

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923)............................................................. 9

*Royce Int'l Broadcasting Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 23, 2000)… 12

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999)………………………………………………… 9

*Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925)............................................................ 7

*Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995 (1988)................................................... 5

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996)................................................. 6

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992)……………… 11

*Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003)........................................................... 7

*Stump v. Sparkman*, 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978)............................................................ 4

*Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389] (June 25, 2007)………………………………………………… 12

*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989)........................................... 7

# TABLE OF AUTHORITIES

Page

## <u>CASES</u> (cont'd)

*Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937)............................................................................. 7

*Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986)... 10

## <u>CONSTITUTIONAL PROVISIONS</u>

California Constitution,

Article VI, Section 1............................................................................. 7
Article VI, Section 4............................................................................. 7

United States Constitution,

11th Amendment.................................................................... 6, 7, 8

## <u>STATUTES-STATE</u>

Government Code

Section 912.7……………………………………………………….. 8
Section 935.8……………………………………………………….. 8
Section 948.1……………………………………………………….. 8
Section 965, subd. (c)……………………………………………….. 8
Section 70321-70333………………………………………………… 9
Section 77003........................................................................................ 8
Section 77200………………………………………………………... 8
Sections 77200-77213……………………………………………….. 9

Penal Code

Section 182……………………………………………………….. 11
Section 182, subds. (a)(1) and (a)(5)………………………………... 3

# TABLE OF AUTHORITIES

Page

## STATUTES-STATE (cont'd)

Vehicle Code
      Section 620………………………………………………………… 1
      Section 21804, subd. (a)………………………………………… 1

## STATUTES- FEDERAL

18 U.S.C. §§ 1961-1968 ……………...……………………………. 11
18 U.S.C. § 1962, subd. (d)………………………………………… 11
42 U.S.C. § 1983................................................................................ 2 , 8

## RULES- FEDERAL

Appellate Procedure
      Rule 32.1……………………………………………….. 12

Civil Procedure
      Rule 12(b)(6)................................................................................ 4

## RULES - STATE

California Rules of Court
      Rule 10.102…………………………………………….. 9
      Rule 10.201…………………………………………….. 8
      Rule 10.202…………………………………………….. 8
      Rule 10.810, function 10(a)(2), (b)..……………………………… 8

# TABLE OF AUTHORITIES

Page

### CASES IN THE APPELLATE DIVISION OF
### THE SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF SAN DIEGO

*The People v. Raymond Robinson*, Case No . CA206475 …..……………….....    1, 2

### CASES IN THE SUPERIOR COURT OF
### CALIFORNIA, COUNTY OF SAN DIEGO

*People v. Raymond Robinson*, San Diego Superior Court Case
No. Y337174……………………………………………………....    1, 2

# I.

## SUMMARY

Defendant, the Honorable David Rubin ("Judge Rubin"), Judge of the Superior Court of California, County of San Diego ("California Court"), hereby moves that this Court dismiss the complaint filed February 7, 2008, and the entire action against him, with prejudice. The complaint arises from Plaintiff's apparent dissatisfaction with the proceedings in his underlying California Court criminal infraction case. Plaintiff is claiming civil rights violation(s) and conspiracy, and seeks monetary and other damages. However, his complaint is barred by state sovereign immunity, judicial immunity, and based on abstention doctrines.

# II.

## BACKGROUND

Plaintiff filed his Complaint in this federal lawsuit, arising out of Plaintiff's dissatisfaction with criminal infraction proceedings before Judge Rubin.[1] After trial, Judge Rubin found Plaintiff herein guilty of an infraction violation of California Vehicle Code section 21804, subdivision (a).[2] Plaintiff appealed.[3] Among his grounds of appeal were: "3. The trial court solicited legal advice from

---

[1] The infraction citation had been issued on November 15, 2006, by San Diego Police Officer Brian Cornell (Judge Rubin's co-Defendant in the instant proceeding).

[2] California Vehicle Code section 21804 [Entry onto highway], subdivision (a), provides: "The driver of any vehicle about to enter or cross a highway from any public or private property, or from an alley, shall yield the right-of-way to all traffic, as defined in Section 620, approaching on the highway close enough to constitute an immediate hazard, and shall continue to yield the right-of-way to that traffic until he or she can proceed with reasonable safety."

[3] Request for Judicial Notice, Exhibit A, Engrossed Settled Statement on Appeal filed July 14, 2007, in *People of the State of California v. Raymond Robinson*, California Court Case No. Y337174, Appellate Division No. CA206475 (hereafter "ESS".)

the government's witness, then relied thereupon for its ruling; [P] … 5.  The trial court erred where directing the government's witness to argue the government's case…"[4]  Respondent submitted without objection on the merits of the appeal.[5] On January 18, 2008, the appellate panel reversed the judgment of the trial court, and dismissed the case in the interests of justice.[6]  The remittitur issued on February 5, 2008.[7]  Plaintiff thereafter filed the instant complaint on February 7, 2008.

### III.

### PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is brought under the Civil Rights Act, 42 U.S.C. § 1983,[8] for alleged violations of his right to due process, based on Judge Rubin's

---

[4] ESS, 1:22-24, 1:27-28.  See also, Request for Judicial Notice, Exhibit B, Appellant's Opening Brief on Appeal signed September 11, 2007, in *People of the State of California v. Raymond Robinson*, California Court Case No. Y337174, Appellate Division No. CA206475, 8:15-12:2.

[5] Request for Judicial Notice, Exhibit C, Respondent's Brief on Appeal filed September 28, 2007, in *People of the State of California v. Raymond Robinson*, California Court Case No. Y337174, Appellate Division No. CA206475.

[6] Request for Judicial Notice, Exhibit D, Order dated January 18, 2008, in *People of the State of California v. Raymond Robinson*, California Court Case No. Y337174, Appellate Division No. CA206475.  In this order, the court cited *People v. Kriss*, 96 Cal. App. 3d 913 (1979), which reads at page 921:  "Given the relatively minor nature of the infractions involved and the fines imposed, and the necessity for retrials which an unqualified reversal would require, we conclude that in these instances it would not be in the interest of justice to prolong these matters."

[7] Request for Judicial Notice, Exhibit E, Remittitur filed February 5, 2008, in *People of the State of California v. Raymond Robinson*, California Court Case No. Y337174, Appellate Division No. CA206475.

[8] 42 U.S.C. § 1983 provides in pertinent part:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or

08cv0244W (BLM)

conduct in the infraction proceeding.[9]  Plaintiff seeks nominal damages of $1.00,
actual damages of $1,000.00, exemplary damages on "one year's 2007 gross salary
from each of said defendants", actual costs, and other relief.[10]

Plaintiff also alleges a criminal conspiracy under California Penal Code
section 182, subdivisions (a)(1) and (a)(5).[11]

_____

Territory or the District of Columbia, subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law, suit in equity, or other
proper proceeding for redress, except that in any action brought against a judicial
officer for an act or omission taken in such officer's judicial capacity, injunctive
relief shall not be granted unless a declaratory decree was violated or declaratory
relief was unavailable. . . . "

[9] Request for Judicial Notice, Exhibit F, Complaint in *Raymond Robinson v.
David Rubin and Brian Cornell* (U.S. Dist. Ct., So. Dist. Cal., 08-CV-0244 W (BLM)
filed February 7, 2008, as served on Judge Rubin (hereafter, "Complaint").

[10] Complaint, 3:12-18.

[11] Complaint, 2:20-23.  California Penal Code section 182 [Criminal
conspiracy; Acts constituting; Punishment; Venue], subdivision (a) provides in
pertinent part:
"(a) If two or more persons conspire:
     (1) To commit any crime…
     ... (5) To commit any act injurious to the public health, to public morals, or
to pervert or obstruct justice, or the due administration of the laws…
     … They are punishable as follows:
     … When they conspire to commit any other felony [other than specified in
paragraph (6)], they shall be punishable in the same manner and to the same extent as
is provided for the punishment of that felony.  If the felony is one for which different
punishments are prescribed for different degrees, the jury or court which finds the
defendant guilty thereof shall determine the degree of the felony the defendant
conspired to commit. If the degree is not so determined, the punishment for
conspiracy to commit the felony shall be that prescribed for the lesser degree, except
in the case of conspiracy to commit murder, in which case the punishment shall be

08cv0244W (BLM)

# IV.

# ARGUMENT

### A.    Standard of Review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted where there is either a lack of cognizable legal theory upon which to grant relief, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### B.    Judicial Immunity Precludes This Lawsuit Against Judge Rubin.

As pleaded, Plaintiff's complaint against Judge Rubin arises from his dissatisfaction with Judge Rubin's rulings in the California Court.  The complaint, therefore, fails to state a claim upon which relief may be granted against Judge Rubin, because he is immune from liability under the judicial immunity doctrine. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

In the present matter, Judge Rubin is being sued in connection with his exercise of a judicial function.  Judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  *Stump v. Sparkman,* 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978), quoting *Bradley v. Fisher*, 80 U.S. 335, 347 [20 L. Ed. 646, 13 Wall. 335] (1871).  So long as the challenged

---

that prescribed for murder in the first degree.

      If the felony is conspiracy to commit two or more felonies which have different punishments and the commission of those felonies constitute but one offense of conspiracy, the penalty shall be that prescribed for the felony which has the greater maximum term.

      … When they conspire to do any of the other acts described in this section, they shall be punishable by imprisonment in the county jail for not more than one year, or in the state prison, or by a fine not exceeding ten thousand dollars ($10,000), or by both that imprisonment and fine.

      … All cases of conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to effect the conspiracy shall be done…"

judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability for the act even where there are allegations of conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980).

The law of judicial immunity is well established. This law provides that "judges are absolutely immune from damage actions for judicial acts taken within jurisdiction of their courts." *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied,* 488 U.S. 995 (1988). Furthermore, this is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied,* 519 U.S. 1118 (1997). As explained in *Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979):

> As public servants, the prosecutor and the judge represent the interest of society as a whole. The conduct of their official duties may adversely affect a wide variety of different individuals, each of whom may be a potential source of future controversy. The societal interest in providing such public officials with the maximum ability to deal fearlessly and impartially with the public at large has long been recognized as an acceptable justification for official immunity. The point of immunity for such officials is to forestall an atmosphere of intimidation that would conflict with their resolve to perform their designated functions in a principled fashion.
> *Id.*, at 202-204.

In the present matter, Plaintiff has sued Judge Rubin because he presided over Plaintiff's infraction trial, found him guilty, and then sentenced him. These proceedings are properly within a California judge's jurisdiction. E.g., *People v. Black*, 41 Cal. 4th 799, 808 (2007) [sentencing]. Such judicial conduct cannot form the basis of any civil claim because it is protected by the absolute judicial immunity doctrine. Plaintiff's complaint thus fails to state a claim against Judge Rubin.

### C.    Eleventh Amendment Immunity Bars Plaintiff's Claims.

Plaintiff's action is barred by sovereign immunity.  The Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief.  *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999).

"This jurisdictional bar applies regardless of the nature of relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"], *cert. denied*, 503 U.S. 938 (1992). Specifically, "the Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

California has not waived its sovereign immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985); *Dittman v. California,* 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000).

The Superior Court is part of the judicial branch of state government created by the state constitution.

The superior courts of the State of California, while located and functioning in the several counties of the state are not local or county courts, but constitute a system of state courts, being vested with and

exercising the judicial power of the state under the express terms of section 1 of Article VI of the state constitution.

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *Simmons v. Sacramento Co. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) [claim against the state court or its employees was barred by the Eleventh Amendment]; *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925).

State immunity extends to state officers who act on behalf of the state and can therefore assert the state's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989) [While state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office; as such, it is no different from a suit against the State itself]; *Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985) [Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent].

A judge of the Superior Court is a state officer. Cal. Const., art. VI, § 4; *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999); *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied*, 528 U.S. 1005 (1999) [holding that municipal court judges are "State officials"].

A suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. *Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937). Here, any injunction or declaratory relief ordering the California judge or the California Court not to proceed would operate against the State of California itself, because any state court

can act only through individual adjudicatory officers. Thus, restraining the Judicial Branch Defendants would effectively restrain the State of California from fulfilling its judicial function, an impermissible result under *Ex Parte Young,* 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908).

Under 42 U.S.C. § 1983, a key factor in determining whether an actor is a state or county employee is which entity is liable for damages in a suit against the official. See *McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997); accord, *Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (quoting *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997) [a crucial factor in determining whether an individual is exercising state or local authority is "who is legally obligated to pay the judgment that is being sought"]; *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988) [factors used to determine whether a particular state entity is a state agency entitled to Eleventh Amendment immunity are "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity."], *cert. denied*, 490 U.S. 1081 (1989).

Effective July 1, 1997, the State of California assumed sole responsibility for the funding of all state trial court operations, and including litigation. *See* Cal. Gov't Code §§ 77003, 77200, et seq.; Cal. Rules of Ct., R. 10.810, function 10(a)(2), (b) (Allowable costs include salaries and legal services for allowable court operations), R. 10.201 (claim and litigation procedure), R. 10.202 (litigation management). Effective January 1, 2003, the California Legislature enacted statutory amendments to the Tort Claims Act that made explicit the state Judicial Council's authority to manage and settle claims and lawsuits. Cal. Gov. Code §§ 912.7, 935.8, 948.1, and 965, subd. (c). The California Trial Court Facilities Act

also established a process for transferring responsibility for California's courthouse facilities from counties to the state, and made the judicial branch responsible for the construction and operations of court facilities. Cal. Gov. Code §§ 70321-70333. Additionally, the Administrative Director of the Courts may accept on behalf of the state courts any gift of real or personal property only if the gift and any terms and conditions are found to be in the best interest of the State of California. Cal. Rules of Ct., R. 10.102. In October 2004, the California Administrative Office of the Courts, pursuant to the California Trial Court Funding Act (Cal. Gov. Code §§ 77200-77213), established a centralized statewide treasury.

Hence, Judge Rubin should be dismissed with prejudice under the doctrine of state sovereign immunity.

## D. The District Court Should Dismiss This Action Based on Abstention Doctrine.

This action should be dismissed based on abstention doctrine. "[F]ederal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design." *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999).

The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005); see also, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th

1   Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998);

2   *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986).  The

3   *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal

4   of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*,

5   *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006).

6          That Plaintiff only lost initially, then ultimately prevailed, is of no moment.

7   This court cannot pass upon Plaintiff's claims without reviewing, relying on or

8   reversing the California state court decisions. That is the very essence of the

9   *Rooker-Feldman* doctrine.  Based on principles of federalism and comity, this

10  Court must assume that the state courts were and are competent to resolve the

11  issues which Plaintiff raised.

12         All three requirements of the *Rooker-Feldman* doctrine are satisfied in this

13  case: (1) "the party against whom the doctrine is invoked must have actually been a

14  party to the prior state-court judgment or have been in privity with such a party", as

15  was Plaintiff here; (2) "the claim raised in the federal suit must have been actually

16  raised or inextricably intertwined with the state-court judgment"; and (3) "the

17  federal claim must not be parallel to the state-court claim."  *Lance v. Dennis*,

18  *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006).

19         Accordingly, the instant action should be dismissed.

20

21  **E.      Plaintiff Cannot State a Claim for Conspiracy.**

22         To establish Judge Rubin's liability for a conspiracy, Plaintiff must

23  "demonstrate the existence of an agreement or meeting of the minds to violate

24  constitutional rights." *Mendocino Environmental Ctr. v. Mendocino County*, 192

25  F.3d 1283, 1301 (9th Cir. 1999) (citations and quotations omitted).  Judge Rubin

26  must have, "by some concerted action, intended to accomplish some unlawful

27  objective for the purpose of harming another which results in damage." *Id.*

28

(citations and quotations omitted). The agreement need not be overt, and may be based on circumstantial evidence. *Id.* at 1302.

No such facts have been or can be alleged here, where a state court judge merely ruled in a criminal action properly pending before him.[12]

Alternatively, Plaintiff may also be attempting to allege a conspiracy claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  Because Plaintiff failed to properly allege any substantive RICO violation, any putative RICO conspiracy claim also fails.  See 18 U.S.C. § 1962, subd. (d); *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).[13]

---

[12] Moreover, there is no evidence of any intent by the California Legislature to create a private right of action under Penal Code section 182, which by its express terms references only criminal prosecution for any violations. (See *Moradi-Shalal v. Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 305 (1988); *Animal Legal Defense Fund v. Mendes*, No. F052009, __ Cal. App. 4th __, 2008 Cal. App. LEXIS 229, 2008 WL 400393 (Cal. App. 5 Dist. Feb. 15, 2008), http://www.courtinfo.ca.gov/cgi-bin/opinions.cgi; and see also, *Carlsbad Aquafarm, Inc. v. Department of Health Services*, 83 Cal.App.4th 809, 817 (2000) [plaintiff was not entitled to recover damages for the state's alleged violation of its procedural due process rights].)

[13] To state a civil claim for violation of RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002).  "[T]o show a pattern of racketeering activity, a RICO plaintiff must 'show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1535 (9th Cir. 1992) (quoting *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 [109 S. Ct. 2893, 106 L. Ed. 2d 195] (1989)). "Predicates are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated." *Id.*, at 1535. "Continuity is demonstrated if the illegal conduct poses a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.'" *Id.* (quoting *H.J. Inc. v. Northwestern Bell Telephone*, 492 U.S. 229, at 239, 243).

Plaintiff's Complaint does not plead the requisite elements, or indeed set forth any facts pertinent to this moving Defendant.  Resort to judicial process does not constitute the kind of wrongful use of force or threats contemplated under RICO.  See by analogy, *Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389] (June 25, 2007) [public employees not liable under RICO for enforcing government claims].[14]

# V.

# CONCLUSION

For the reasons stated, Defendant Judge Rubin prays that the instant action be dismissed with prejudice, and judgment entered for him.

Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:                           By: ___s/ Cheryl L. Brierton_____
                                     CHERYL L. BRIERTON, Litigation Attorney
February 28, 2008                Attorney for Defendant, The Honorable David
                                 Rubin, Judge of the Superior Court of California,
                                 County of San Diego

---

[14] *Royce Int'l Broadcasting Corp. v. Field*, No. C 99-4169 SI, 2000 WL 236434, at *5, 2000 U.S. Dist. LEXIS 2369, at *14 (N.D. Cal. Feb. 22, 2000) ("[R]esort to the judicial process to resolve a… dispute does not constitute the kind of wrongful use of force or threats contemplated by the federal RICO statute.") (citing *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc*., 365 U.S. 127 [81 S. Ct. 523, 5 L. Ed. 2d 464] (1961)).  Cited by analogy to Federal Rules of Appellate Procedure, Rule 32.1, as amended January 1, 2007.