MICHAEL J. AGUIRRE, City Attorney
DANIEL M. BAMBERG, Deputy City Attorney (SBN 60499)
WALTER C. CHUNG, Deputy City Attorney (SBN 163097)
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 236-6220
Facsimile: (619) 236-6018

Attorneys for Defendant
Brian Cornell

To the benefit of the City of San Diego, Exempt from fees per Gov't Code § 6103.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RAYMOND ROBINSON,

Plaintiff,

v.

DAVID RUBIN and BRIAN CORNELL,

Defendants.

Case No. 08 CV 0244 W BLM

**DEFENDANT BRIAN CORNELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**[Fed. R. Civ. P. Rule 12(b)(6)]**

**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1]**

Date: April 7, 2008
Time: 10:30 a.m.
Courtroom: 7
Judge: Hon. Thomas J. Whelan

## I.

## INTRODUCTION

Plaintiff Raymond Robinson attempts to state a 42 U.S.C Section 1983 ("Section 1983") cause of action, as well as claims of conspiracy and practicing law without a license, against San Diego Police Officer Brian Cornell. For the reasons stated below, Plaintiff's Complaint should be dismissed without leave to amend.

## II.

## STATEMENT OF THE CASE

This instant action arises from Plaintiff's personal experience contesting a traffic infraction. (Complaint ¶¶ 1, 8). Defendant Superior Court Judge David Rubin presided over the matter. (*Id.* at ¶ 9). Defendant San Diego Police Officer Brian Cornell was the sole witness. (*Id.*)

Following a hearing on the traffic infraction, Judge Rubin upheld the citation. (*Id.* at ¶ 12). Plaintiff appealed Judge Rubin's decision. (*Id.* at ¶ 18). Judge Rubin's decision was later overturned on appeal. (*Id.*)

Plaintiff now complains that Defendant Judge Rubin and Defendant Officer Cornell conspired to convict him of the infraction. (*Id.* at ¶¶ 10-12). Plaintiff complains that Defendant Officer Cornell acted as a prosecutor and practiced law without a license. (*Id.* at ¶¶ 10, 13). Plaintiff complains that Defendant Judge Rubin "acknowledged upon the record that [Mr. Cornell's three legal] arguments had influenced the trial court's decision...." (*Id.* at ¶ 12). Thus, Plaintiff claims that "Defendants are in violation of 42 U.S.C. section 1983, in that they conspired, under color of law, to deprive Plaintiff of his right to due process in State court." (*Id.* at ¶ 20).

## III.

## LEGAL ARGUMENT

### A. Legal Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. (*Ilets v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003)). Generally, a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable theory. (*Navarro v. Block,* 250 F.3d 729-732 (9th Cir. 2001)). Rule 12(b)(6) also "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." (*Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also, Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), "[a] dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law . . . .") For purposes of a motion to dismiss, well-pleaded factual allegations of the complaint are generally presumed to be true. (*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)). However, conclusions of law or unwarranted deductions of fact or arguments are not sufficient to state a claim. (*Frederiksen v. Poloway*, 637 F.2d 1147, 1150 n.1 (7th Cir. 1981), *cert. denied*, 451 U.S. 1017).

As will be shown below, Plaintiff's claims for relief against Defendant Brian Cornell fail for failure to state a claim upon which relief can be granted. Thus, the complaint against Defendant Brian Cornell should be dismissed.

**B. Plaintiff Has Failed to Identify the Constitutional Amendment He Brings His § 1983 Claim Under**

Plaintiff claims that "Defendants are in violation of 42 U.S.C. section 1983, in that they conspired, under color of law, to deprive Plaintiff of his right to due process in State court." (Complaint ¶ 20). However, 42 U.S.C. § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." (*Baker v. McCollan,* 443 U.S. 137, 144, n. 3 (1979). In addressing a § 1983 claim, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. (*Id.,* at 140, "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged").

In his complaint, Plaintiff attempts to allege a § 1983 claim against Defendant Brian Cornell, but fails to identity in the body of the Complaint under what Constitutional amendment he seeks vindication of his federal rights. For this reason alone, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**C. Plaintiff Seeks to Assert Pendant Claims for Relief Based on Criminal Law in a Civil Action**

Plaintiff alleges that Defendant Brian Cornell is "in violation of California Business and Professions Code section 6126(a), for practicing law without a license, a misdemeanor." (Complaint ¶ 13). Plaintiff also alleges that Defendants "Cornell and Rubin herein, acted in concert to have defendant Cornell commit the crime aforesaid, constituting a criminal conspiracy under California Penal Code section 182(a)(1), as well as a criminal conspiracy to pervert or obstruct justice, or the due administration of the laws under (a)(5) of said section." (Complaint ¶ 14). However, California Penal Code § 182 is a criminal statute and the penalty for violation of Bus. and Prof. Code § 6126(a) is a misdemeanor. Therefore, to the extent Plaintiff attempts to assert these alleged statutory violations as claims upon which relief should be granted to him,

Plaintiff has no inherent individual right to invoke a criminal statute for his own benefit. The right to bring actions based upon criminal statutes are reserved to authorized prosecutorial agencies, which Plaintiff is not. (*Ellis v. City of San Diego* 176 F.3d 1183, 1189 (9th Cir., 1993), the penal code section does not create enforceable individual rights.) Accordingly, to the extent Plaintiff seeks to assert claims for relief under these criminal statutes, these claims for relief should be dismissed with prejudice.

## IV.

## LEAVE TO AMEND

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. (Fed. R. Civ. P. Rule 15(a), stating that leave to amend "shall be freely given when justice so requires;" *DeSoto v. Yellow Freight Systems, Inc.* 957 F.2d 655, 658 (9th Cir. 1992); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.3d 1393, 1401 (9th Cir. 1986), stating, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") Balanced against this standard is the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated (*Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996)).

However, in this case, Plaintiff is attempting to address a "wrong" based on a traffic violation hearing in which the issuance of the citation was upheld and later overturned. Presumably, based on the fact that the infraction was overturned on appeal, Plaintiff now has sued the San Diego Superior Court judge who heard the matter and the police officer who issued him the citation and appeared at the trial on the citation. Therefore, even if Plaintiff is able to cure the above argued defects, numerous immunities would apply to shield the defendants from liability under the facts alleged herein. Therefore, leave to amend should not be granted.

/ / /

/ / /

/ / /

V.

CONCLUSION

For the reasons stated above, Plaintiff's Complaint is inadequate to state a cause of action under Section 1983 and state criminal laws. Therefore, Defendant Brian Cornell respectfully requests that his motion to dismiss be granted and leave to amend not be granted.

Dated: March 5, 2008

MICHAEL J. AGUIRRE, City Attorney

By /s/ Walter C. Chung
DANIEL M. BAMBERG
WALTER C. CHUNG
Deputy City Attorneys
Attorneys for Defendant Brian Cornell