DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable David Rubin, Judge of the Superior Court
    of California, County of San Diego

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>DAVID RUBIN AND BRIAN CORNELL,<br><br>        Defendants. | Case No. 08-CV-0244 DMS (BLM)<br><br>DEFENDANT JUDGE RUBIN'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE<br><br>**[No Oral Argument Requested]**<br><br>Date  : May 2, 2008<br>Time  : 1:30 p.m.<br>Crtrm : 10 (2nd Floor)<br>Judge : The Honorable Dana M. Sabraw |

## I.
## SUMMARY

Plaintiff filed his Complaint in this federal lawsuit, arising out of Plaintiff's dissatisfaction with criminal infraction proceedings before Judge Rubin in the California state trial court.  After trial, Judge Rubin found Plaintiff herein guilty of an infraction violation of California Vehicle Code section 21804, subdivision (a).  Plaintiff appealed.  On January 18, 2008, the appellate panel reversed the judgment of the trial court, and dismissed the case in the interests of justice.  The remittitur issued on February 5, 2008.

Plaintiff thereafter filed the instant complaint on February 7, 2008. Plaintiff's complaint was brought under the Civil Rights Act, 42 U.S.C. § 1983, for alleged violations of his right to due process, based on Judge Rubin's conduct in the infraction proceeding. Plaintiff also alleged a criminal conspiracy under California Penal Code sections 182, subdivisions (a) (1) and (a) (5).

On February 28, 2008, Defendant Judge Rubin filed his motion to dismiss based on judicial immunity, state sovereign immunity, abstention doctrine, and failure to state a claim for conspiracy.

Plaintiff's opposition lacks merit. The motion should therefore be granted with prejudice.

## II.

## ARGUMENT

### A. **Eleventh Amendment Immunity Bars Plaintiff's Claims.**

Plaintiff's action is barred by sovereign immunity. E.g., *Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002).

For a contrary proposition, Plaintiff cites *Morris v. Eversley*, 282 F. Supp. 2d 196 (S.D.N.Y. 2003), holding that a female inmate who had been sexually assaulted by a male guard could proceed on a claim against the department of corrections in a state forum. That case expressly provides that state officers sued in their official capacities are not subject to suit under 42 U.S.C. section. 1983. *Id.* at 204.

Here, Plaintiff's factual allegations all relate to Judge Rubin's acts in the performance of his official duties as a California state trial court judge; and Plaintiff seeks monetary, not prospective injunctive relief. Where the State itself or one of its agencies or departments is not named as defendant and where a state official is named instead, the court must look behind the pleadings to determine whether a decree in the case would operate in fact against the sovereign: "If the

judgment would actually run against the state treasury, the action is barred." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). This is true even though individual officials are nominal defendants. *Regents of Univ. of Calif. Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 427-428 [117 S. Ct. 900, 903-904, 137 L. Ed. 2d 55] (1997). Such is the case here.

Plaintiff appears to argue that the court is limited to Plaintiff's legal characterization of the Defendant's capacity. "The complaint clearly alleges that Defendant Rubin and Defendant Cornell conspired to act criminally where Defendant Cornell practiced law while as a layperson, and that defendant Rubin's participation in said conspiracy was not a judicial act." (Plaintiff's Opposition, 6:4-7, citing Complaint, pars. 13-15.)

Plaintiff is mistaken that the court is bound by his conclusory allegations relating to legal capacity. A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S.__ [127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929] (2007). The factual allegations must be definite enough to "raise a right to relief above the speculative level." The pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 1965 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief'). Furthermore, pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

Moreover, with respect to the allegations concerning individual capacity, Plaintiff has failed to state a claim for conspiracy. (Motion to Dismiss, 10:21-12:6.) Plaintiff's citation to *Koutnik v. Brown*, 351 F. Supp. 2d 871 (W.D. Wis. 2004) (Opposition, 10:19-22) does not assist him, that case discusses the

requirement of personal involvement in an alleged constitutional violation, not the elements of conspiracy.[1]

As such, Plaintiff's conclusory allegations that Defendant Judge Rubin was acting in an individual capacity in the conduct of the infraction hearing below cannot supersede the reality that the pleaded acts occurred in Judge Rubin's official capacity.  State sovereign immunity thus bars this suit.

### B. Judicial Immunity Precludes This Lawsuit Against the Judge Rubin.

As pleaded, Plaintiff's complaint against Judge Rubin arises from his dissatisfaction with Judge Rubin's rulings and conduct in the California Court infraction proceedings.[2]  It has long been established that judges are absolutely immune from liability for acts "done by them in the exercise of their judicial functions."  *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 [20 L. Ed. 646] (1871).  The complaint, therefore, fails to state a claim upon which relief may be granted against Judge Rubin, because he is immune from liability under the judicial immunity doctrine.  *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

---

[1] The full quote referenced by Plaintiff's Opposition, at 10:19-22, reads: "In order to satisfy the personal involvement requirement, a plaintiff need not show direct participation.  However, he must show that the defendant knew about the violation and facilitated it, approved it, condoned it or turned a blind eye for fear of what he or she might see." *Ibid.* (citations omitted). The court ultimately allowed an inmate's First Amendment claim to proceed, where the inmate alleged defendant prison official disciplined him and refused to send a letter whose contents were not gang-related and did not advocate violence or other disruptive behavior.

[2] See, Plaintiff's Opposition, all relating to the infraction proceedings before Judge Rubin:  Defendant participated in a conspiracy with the testifying police officer [Opposition, 6:4-7, 7:10-8:4]; "Defendant's misstatements force plaintiff to present evidence" [Opposition, 6:20, 9:8-23]; Defendant allowed a layperson to represent the People in a court of law [Opposition, 7:4-9].

A federal claim is considered "inextricably intertwined" with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 [107 S. Ct. 1519, 95 L. Ed. 2d 1] (1987) (Marshall, J., concurring).  In other words, "the district court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting a review of the state court's legal determinations in a particular case." *Lefcourt v. Superior Court*, 63 F. Supp. 2d 1095, 1098 (N.D. Cal. 1999).

Judge Rubin presided over Plaintiff's infraction trial, found him guilty, and then sentenced him.  Plaintiff admits "the alleged civil rights violation occurred in the midst of the proceedings of the underlying case…" (Opposition, 3:8-9.)  These proceedings are properly within a California judge's subject matter jurisdiction. E.g., *People v. Black*, 41 Cal. 4th 799, 808 (2007) [sentencing].  As recently repeated in *Miller v. Davis*, No. 06-55538, __ F.3d __, 2008 U.S. App. LEXIS 6905, p*13, 2008 WL 861921 (9th Cir. Cal. Apr. 2, 2008): "In determining judicial immunity, we have distinguished between acts "in excess of jurisdiction" and acts "in the clear absence of jurisdiction" by looking to the subject matter jurisdiction of the judge: "[a] clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Court, Dist. of Nev*., 828 F.2d 1385, 1389 (9th Cir. 1987).  Ruling on traffic infractions is within Judge Rubin's subject matter jurisdiction.

Plaintiff's complaint thus fails to state a claim against Judge Rubin.

**C.    The District Court Should Dismiss This Action Based on Abstention Doctrine.**

This action should be dismissed based on abstention doctrine.  *Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005).  Plaintiff argues that "adjudication of the instant action

for a civil rights violation…can have no effect upon plaintiff's conviction in the underlying state court action for a traffic infraction…" (Opposition, 3:5-7.)

However, this court cannot pass upon Plaintiff's claims without reviewing, relying on or reversing the California state court decisions. E.g., *Lefcourt v. Superior Court*, 63 F. Supp. 2d 1095, 1098 (N.D. Cal. 1999).

Accordingly, the instant action should be dismissed.

### D. Plaintiff Cannot State a Claim for Conspiracy.

No facts stating a claim for conspiracy have been or can be alleged here, where a state court judge merely ruled in a criminal action properly pending before him. See by analogy, *Wilkie v. Robbins*, No. 06-219, 551 U.S. __ [127 S. Ct. 2588, 168 L. Ed. 2d 389] (June 25, 2007) [public employees not liable under RICO for enforcing government claims].

## III.
## CONCLUSION

For the reasons stated, Defendant Judge Rubin prays that the instant action be dismissed with prejudice, and judgment entered for him.

Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:                By: ___s/ Cheryl L. Brierton_____
                          CHERYL L. BRIERTON, Litigation Attorney
April 18, 2008            Attorney for Defendant, The Honorable David
                          Rubin, Judge of the Superior Court of California,
                          County of San Diego

DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California 92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, The Honorable David Rubin, Judge of the Superior Court of California, County of San Diego

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RUBIN AND BRIAN CORNELL,<br><br>Defendants. | Case No.: 08-CV-0244 DMS (BLM)<br><br>**PROOF OF SERVICE**<br>[Local Rules 5.3, 5.4(c)] |

I, PUI TSANG, declare that: I am over the age of eighteen years and not a party to the above-referenced case; I am employed in, or am a resident of, the County of San Diego, California where the mailing occurs; and my business address is: 220 W. Broadway, San Diego, California.

I further declare that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

PROOF OF SERVICE - 1

08v0244 W (BLM)

On April 18, 2008, I served the following document(s): **DEFENDANT JUDGE RUBIN'S REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE** by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

**Raymond Robinson**
**4562 Illinois Street**
**San Diego, CA 92116**

I then sealed each envelope and deposited said envelope(s) in the U.S. Postal Pick up box, this same day, at my business address shown above, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2008

/PUI TSANG