```
1  Raymond Robinson
2  4562 Illinois Street
3  San Diego, CA 92116
4  (619) 283-3121
5  xray.1@cox.net
6  in pro per
```

FILED
08 APR -1 PM 3:50
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>    Defendants. | Case No.: '08 CV 0244 DMS (BLM)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BRIAN CORNELL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**<br><br>May 2, 2008   10:30 a.m.   Courtroom 10<br>Hon. Dana M. Sabraw, District Judge |

Plaintiff opposes as follows:

    Neither of Defendant Cornell's two arguments for dismissal have merit because (1) Plaintiff's failure to specifically name the constitutional amendment under which the deprivation of right is alleged, is insubstantial, and (2) the sufficiency of the Complaint is not diminished merely because Plaintiff alleged state violations in support of the federal one.

Dated: __4-1-08__    _____ /s/ Ray Robinson

                                        Raymond Robinson
                                        Plaintiff, in pro per

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF OPPOSITION

## I

### Plaintiff's failure to formally name the specific constitutional amendment under which the claim is brought is insubstantial.

Defendant's first of two arguments for dismissal of Plaintiff's Complaint is seen on page 3 of the moving papers, lines 4-17.

Here Defendant suggests that the law requires the complaint to identify the constitutional amendment involved in the claim, but the closest that Defendant can get to supporting such a suggestion is a quotation from case law that says:

> "The first inquiry in any (section) 1983 suit" (is) "to isolate the precise constitutional violation with which (the defendant) is charged" [Id., lines 11-12].

Looking to the Complaint, the precise constitutional violation is isolated in paragraph 8. It says, "...deprived...of...right to due process..."

Plaintiff does not see where the law requires the complaint to identify or specifically name the amendment under which the alleged violation occurred.

Further, Defendant Cornell has clearly been given fair notice by way of the Complaint to know what the action is about.

For the record, "due process" refers to the Due Process Clause (Section 1) of the Fourteenth Amendment to the U.S. Constitution.

Defendant's argument does not seem convincing, but Plaintiff will of course amend if the Court sees otherwise.

/////

## II
### The Complaint is not defective merely because it alleges that Defendant Cornell violated state criminal law.

Defendant's final argument for dismissal of the Complaint begins on page 3, line 18 of the moving papers, and is based upon a theory that Plaintiff is asserting claims for relief under state criminal statutes.

Defendant Cornell's reasoning seems misplaced. The relief requested under section 1983 is necessarily from conduct of state actors violating federal rights. That some of the allegation in the Complaint includes that the state actors violated state law while violating federal rights, is not only harmless but is superfluous to the sufficiency of the Complaint in general.

In addition, Plaintiff points out that it is proper for a federal court to take judicial notice of the laws of the States in which it sits [*Blackburn v. Fisk University*, 443 F.2d 121 (1971)].

The Complaint seeks no relief for any violations of criminal statues.

## III
### Plaintiff objects to Defendant Cornell's choice of representation.

The Complaint alleges facts that may be sufficient to arrive at probable cause for one or more misdemeanor violations by this Defendant. The City Attorney is the agency in this town that prosecutes misdemeanors, yet the City Attorney is hereby defending this Defendant against the very allegations constituting said probable cause. This conflict of

/////
/////
/////
/////

interest must not be sustained, and Plaintiff requests a ruling on this issue.

Conclusion:

Defendant Cornell's arguments do not appear to affect the sufficiency of Plaintiff's Complaint. Plaintiff therefore requests this Motion be denied on its merits or, in the alternative, that it be denied on the basis of said conflict of interest.

Dated: 4-1-08

Respectfully,

*Ray Robinson*

Raymond Robinson

Plaintiff, in pro per

/////