MICHAEL J. AGUIRRE, City Attorney
DANIEL M. BAMBERG, Deputy City Attorney (SBN 60499)
WALTER C. CHUNG, Deputy City Attorney (SBN 163097)
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 236-6220
Facsimile: (619) 236-6018

To the benefit of the City of San Diego, Exempt from fees per Gov't Code § 6103.

Attorneys for Defendant
Brian Cornell

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>Defendants. | Case No. 08 CV 0244 W BLM<br><br>**DEFENDANT BRIAN CORNELL'S REPLY TO OPPOSITION TO HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1]<br><br>Date: May 2, 2008<br>Time: 1:30 a.m.<br>Courtroom: 10<br>Judge: Hon. Dana M. Sabraw |

## I.

## INTRODUCTION

Plaintiff Raymond Robinson attempts to state a 42 U.S.C Section 1983 ("Section 1983") cause of action, as well as claims of conspiracy and practicing law without a license, against San Diego Police Officer Brian Cornell. For the reasons stated below, as well as for the reasons stated in Officer Cornell's Motion to Dismiss, Plaintiff's Complaint should be dismissed without leave to amend.

///

///

///

## II.

## LEGAL ARGUMENT

A. **Plaintiff Has Inadequately Pled a 42 U.S.C. 1983 Claim for Relief**

Plaintiff claims that he has adequately pled his 42 U.S.C. claim for relief as he argues that his Complaint alleges that he was "…deprived…of…right to due process…" (Opposition 2:15). Thereafter, he argues that his allegation of lack of "due process" refers to the Fourteenth Amendment. (Opposition 2:21-22). However, even interpreting Plaintiff's complaint liberally, Plaintiff is not seeking relief under the Fourteenth Amendment. Plaintiff, in his first and only claim for relief, alleges that "Defendants are in violation of 42 U.S.C. section 1983, in that they *conspired*, under color of law, to deprive Plaintiff of his right to due process in State Court." (Complaint ¶ 20). Thereafter, Plaintiff alleges that "Said defendants did in fact complete the acts necessary to accomplish the goal of said *conspiracy*, resulting in substantial harm to Plaintiff." (Complaint ¶ 21). Accordingly, Plaintiff's claim for relief sounds more like a claim premised under 42 U.S.C. 1985 and/or 1986, not 42 U.S.C. 1983.

To state a claim under Section 1983, the plaintiffs must allege that the defendants, acting under the color of state law, deprived them of a right guaranteed under the Constitution or federal statute. (*Karim-Panahi v. Los Angeles Police Deparment*, 839 F.2d 621, 623 (9th Cir. 1988)). "If the harm suffered by plaintiff is not more than the result of tortious conduct, an action under the civil rights act will not lie." (*Soto v. City of Sacramento*, 567 F. Supp. 662 (E.D. Cal. 1983); *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Screws v. United States*, 325 U.S. 91, 109 (1945)). A Section 1983 plaintiff must show that he has been deprived of a federally protected right by reason of that conduct. (*See Navarette v. Enomoto*, 536 F.2d 277 (9th Cir. 1976)). Thus, the initial inquiry is whether the plaintiffs allege an injury of constitutional dimensions. (*Baker v. McCollan*, 443 U.S. 137, 140 (1978)).

In this case, Plaintiff's Complaint is devoid of any allegation specifically identifing the Constitutional Amendment he seeks to vindicate his rights upon and the specific conduct supporting such vindication. Rather, Plaintiff seems to have alleged facts supporting claims of

1  relief other then one founded upon 42 U.S.C. 1983. Therefore, Plaintiff's 42 U.S.C. 1983 claim
2  for relief is inadequately pled and should be dismissed.

3  **B.     Several Immunities Shield Officer Cornell from Liability in This Matter**

4  While the Plaintiff's Complaint is less then artfully pled, it is clear from the allegations
5  that this case involves Officer Cornell testifying in a traffic infraction hearing against Plaintiff.
6  (Complaint ¶ 1). Officer Cornell was the sole witness in the traffic infraction hearing presided
7  over by Judge Rubin. (Complaint ¶ 8). That being the case, the testimony of Officer Cornell
8  cannot expose him to civil liability. (*Briscoe v. La Hue*, 460 U.S. 325 (1983)).

9  The United States Supreme Court, in *Briscoe*, addressed the policy concerns underlying
10 witnesses' testimony and found that protection from fear of subsequent suit was the best means to
11 encourage witnesses to come forward to testify, and to testify candidly. (*Id.* at 332-334). As it
12 relates to this matter, the Court in *Briscoe* observed that "[a] police officer on the witness stand
13 performs the same functions as any other witness; he is subject to compulsory process, takes an
14 oath, responds to questions on direct examination and cross-examination, and may be prosecuted
15 subsequently for perjury." (*Id.* at 32). Accordingly, the United States Supreme Court held that
16 police officer witnesses are entitled to the same immunity enjoyed by other witnesses. (*Id.* at 345-
17 346). In as much as the gravamen of Plaintiff's complaint against Officer Cornell is his testimony
18 against Plaintiff at the traffic infraction hearing, Officer Cornell is entitled to immunity from civil
19 liability based on said testimony.

20 Additional immunities also apply. One such immunity is premised on the law that "[a]
21 public employee is not liable for injury caused by his instituting or prosecuting any judicial or
22 administrative proceeding within the scope of his employment, even if he acts maliciously and
23 without probable cause." (California Government Code Section 821.6).

24 Therefore, as argued in Officer Cornell's Motion to Dismiss, several immunities apply to
25 this matter. That being the case, based on the above, Plaintiff cannot maintain his Complaint as a
26 matter of law. For the above reasons, the City's motion to dismiss should be granted without
27 leave to amend.

28

### C. Plaintiff's Objection to the City Attorney Representing Defendant Cornell Has No Merit

Plaintiff objects to the City Attorney's Office representing Officer Cornell. Plaintiff's basis for said objection is his belief that Officer Cornell committed a misdemeanor by "representing the People of the State of California during said trial" which is a "violation of California Business and Professions Code section 6126 (a) for practicing law without a license, a misdemeanor." (Complaint ¶ 13).

Unfortunately, Plaintiff's belief alone, with nothing else, is insufficient to disqualify the City Attorney's Office from representing Officer Cornell in this matter. Rather, it appears to be a tactical move only meant to antagonize Officer Cornell by depriving him of his counsel of choice. "Because a motion to disqualify is often tactically motivated and can be disruptive to the litigation process, it is a drastic measure that is generally disfavored," which "should only be imposed when absolutely necessary." (*Concat LP v. Unilever, PLC*, 350 F. Supp. 2d 796, 814 (N.D. Cal. 2004)). If Plaintiff truly wishes to try and disqualify the City Attorney's Office in this matter, Plaintiff should make a separate motion to disqualify so that this Court can decide the matter on its merits.

### III.
### CONCLUSION

For the reasons stated above, Plaintiff's Complaint is inadequate to state a cause of action under Section 1983 and state criminal laws. Therefore, Defendant Brian Cornell respectfully requests that his motion to dismiss be granted and leave to amend not be granted.

Dated: April 24, 2008                    MICHAEL J. AGUIRRE, City Attorney

By  /s/ Walter C. Chung
    DANIEL M. BAMBERG
    WALTER C. CHUNG
    Deputy City Attorneys
    Attorneys for Defendant Brian Cornell