MICHAEL J. AGUIRRE, City Attorney
DANIEL M. BAMBERG, Deputy City Attorney (SBN 60499)
WALTER C. CHUNG, Deputy City Attorney (SBN 163097)
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 236-6220
    Facsimile: (619) 236-6018

To the benefit of the City of San Diego, Exempt from fees per Gov't Code § 6103.

Attorneys for Defendant
Brian Cornell

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>    Defendants. | Case No. 08 CV 0244 W BLM<br><br>**DEFENDANT BRIAN CORNELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1]<br><br>Date: June 6, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Hon. Dana M. Sabraw |

## I.

## INTRODUCTION

Plaintiff Raymond Robinson attempts to state a 42 U.S.C Section 1983 ("Section 1983") cause of action against San Diego Police Officer Brian Cornell. For the reasons stated below, Plaintiff's First Amended Complaint ("FAC") should be dismissed without leave to amend.

## II.

## STATEMENT OF THE CASE

This instant action arises from Plaintiff's personal experience contesting a traffic infraction. (FAC ¶¶ 9-10). Defendant Superior Court Judge David Rubin presided over the matter. (Id. at ¶ 11). Defendant San Diego Police Officer Brian Cornell was the sole witness.

(*Id.*) Following a hearing on the traffic infraction, Judge Rubin upheld the citation. (*Id.* at ¶ 16). Plaintiff appealed Judge Rubin's decision. (*Id.* at ¶ 18).

Plaintiff complains that, during the traffic infraction hearing, Defendant Officer Cornell acted as a prosecutor and practiced law without a license. (*Id.* at ¶¶ 12-15). Plaintiff complains that Defendant Judge Rubin allowed Defendant Officer Cornell to argue and rebut Plaintiff's arguments during the traffic infraction hearing. (*Id.* at ¶ 15). Plaintiff alleges that Defendant Officer Cornell's legal arguments influenced Defendant Judge Rubin's decision to find him guilty of the traffic infraction. (*Id.* at ¶ 16). Thus, Plaintiff claims that "Defendants are in violation of 42 U.S.C. section 1983, in that they acted under color of law to deprive Plaintiff of due process rights protected under, and guaranteed by, Section 1 of the Fourteenth Amendment of the Federal Constitution." (*Id.* at ¶ 20).

## III.
## LEGAL ARGUMENT

### A. Legal Standard of Review

Federal Rule of Civil Procedure Rule 12(b)(6) ("Rule 12(b)(6)") provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. (*Ilets v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003)). Generally, a complaint may be dismissed as a matter of law for two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable theory. (*Navarro v. Block*, 250 F.3d 729-732 (9th Cir. 2001)). Rule 12(b)(6) also "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." (*Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also, Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), "[a] dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is a ruling on a question of law . . . .") For purposes of a motion to dismiss, well-pleaded factual allegations of the complaint are generally presumed to be true. (*California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)). However, conclusions of law or unwarranted deductions of fact or arguments are not sufficient to state a claim. (*Frederiksen v. Poloway*, 637 F.2d 1147, 1150 n.1 (7th Cir. 1981), *cert. denied*, 451 U.S. 1017).

Defendant Brian Cornell's Motion to Dismiss Plaintiff's First Amended Complaint

As will be shown below, Plaintiff's claims for relief against Defendant Brian Cornell fail for failure to state a claim upon which relief can be granted. Thus, the complaint against Defendant Brian Cornell should be dismissed.

### A. The Absence of a Prosecutor at a Traffic Infraction Hearing Does Not Constitute a Denial of Due Process

To state a claim under Section 1983, the plaintiffs must allege that the defendants, acting under the color of state law, deprived them of a right guaranteed under the Constitution or federal statute. (*Karim-Panahi v. Los Angeles Police Deparment*, 839 F.2d 621, 623 (9th Cir. 1988)). "If the harm suffered by plaintiff is not more than the result of tortious conduct, an action under the civil rights act will not lie." (*Soto v. City of Sacramento*, 567 F. Supp. 662 (E.D. Cal. 1983); *Paul v. Davis*, 424 U.S. 693, 701 (1976); *Screws v. United States*, 325 U.S. 91, 109 (1945)). A Section 1983 plaintiff must show that he has been deprived of a federally protected right by reason of that conduct. (*See Navarette v. Enomoto*, 536 F.2d 277 (9th Cir. 1976)). Thus, the initial inquiry is whether the plaintiffs allege an injury of constitutional dimensions. (*Baker v. McCollan*, 443 U.S. 137, 140 (1978)).

In this case, Plaintiff's basis for his Section 1983 claim for relief is legally unfounded. The issue presented herein is whether in a traffic infraction hearing conducted without a prosecutor where the judge calls and questions witnesses, including the officer issuing the citation, deprives the defendant of due process of the law. The California Supreme Court in *People v. Carlucci* 23 Cal.3d 249 (1979) concluded that it does not.

The California Supreme Court specifically held that "the trial court at a traffic infraction may call and question witnesses in the absence of a prosecutor. Such actions constitute neither a per se denial of due process nor transmute the judge into prosecutor." (*Id.* at 256). The California Supreme Court noted that their decision was in accord with Evidence Code section 775 which provides that "The court, on its own motion or on the motion of any party, may call witnesses and interrogate them the same as if they had been produced by a party to the action, and the parties may object to the questions asked and the evidence adduced the same as if such witnesses were called and examined by an adverse party. Such witnesses may be cross-examined by all parties to

the action in such order as the court directs." (*Id.*) The Court went on to further hold that "the power of a trial judge to question witnesses applies to cases tried to the court as well as to a jury.[citations omitted]  It follows that at a traffic infraction hearing the judge neither forfeits his right nor abandons his duty to seek the truth for the reason that he is the trier of fact.  To the contrary, if questions remain in his mind after the witnesses have made their statements he should affirmatively clarify matters in order the he may render the best possible informed verdict. [citations omitted]" (*Id.*)

Nor is Plaintiff's argument that because Defendant Officer Cornell "argued the law" he became the prosecutor in the case valid.  This is because the law holds that "[w]hether or not the People provide a prosecuting attorney, the citing officer who testifies as to the circumstances of citation ***is a witness, no more, no less***." [emphasis added] (*People v. Marcroft* 6 Cal.App.4th Supp. 1, 5-6 (1992).

Therefore, in this instant case, Plaintiff's FAC, despite the allegations of conspiracy and "shocking the conscience of a reasonable person," reveals that the incident in question was nothing more then a traffic infraction hearing where Judge Rubin sought to understand the true facts of the situation from both the plaintiff and the Defendant Officer Cornell so that he, as trier of fact, could render a fair and impartial ruling on the matter.  That being the case, there was no denial of Plaintiff's due process rights.  Accordingly, Plaintiff's Section 1983 claim from relief should be dismissed without leave to amend.

**B.     Several Immunities Shield Officer Cornell from Liability in This Matter**

It is clear from the allegations of Plaintiff's FAC that this case involves Officer Cornell testifying in a traffic infraction hearing against Plaintiff. (FAC ¶¶ 9-10).  Officer Cornell was the sole witness in the traffic infraction hearing presided over by Judge Rubin. (*Id.* at ¶ 11).  That being the case, the testimony of Officer Cornell cannot expose him to civil liability. (*Briscoe v. La Hue*, 460 U.S. 325 (1983)).

The United States Supreme Court, in *Briscoe*, addressed the policy concerns underlying witnesses' testimony and found that protection from fear of subsequent suit was the best means to encourage witnesses to come forward to testify, and to testify candidly. (*Id.* at 332-334).  As it

relates to this matter, the Court in *Briscoe* observed that "[a] police officer on the witness stand performs the same functions as any other witness; he is subject to compulsory process, takes an oath, responds to questions on direct examination and cross-examination, and may be prosecuted subsequently for perjury." (*Id.* at 32). Accordingly, the United States Supreme Court held that police officer witnesses are entitled to the same immunity enjoyed by other witnesses. (*Id.* at 345-346). In as much as the gravamen of Plaintiff's FAC against Defendant Officer Cornell is his testimony against Plaintiff at the traffic infraction hearing, Defendant Officer Cornell is entitled to immunity from civil liability based on said testimony.

Additional immunities also apply. One such immunity is premised on the law that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." (California Government Code Section 821.6).

Therefore, in as much as Defendant Officer Cornell is immune from subsequent civil prosecution for testifying as a witness at Plaintiff's traffic infraction hearing, Plaintiff cannot maintain his FAC as a matter of law. For the above reasons, the City's motion to dismiss should be granted without leave to amend.

## IV.

## LEAVE TO AMEND

A court may dismiss a complaint without granting leave to amend only if it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile. (Fed. R. Civ. P. Rule 15(a), stating that leave to amend "shall be freely given when justice so requires;" *DeSoto v. Yellow Freight Systems, Inc.* 957 F.2d 655, 658 (9th Cir. 1992); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.3d 1393, 1401 (9th Cir. 1986), stating, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.") Balanced against this standard is the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated (*Ortez v. Washington County, State of Oregon*, 88 F.3d 804, 807 (9th Cir. 1996)).

However, in this case, Plaintiff is attempting to address a "wrong" based on a traffic

violation hearing where he apparently felt victimized by the system when he alleges Defendant Officer Cornell agued the law on behalf of the prosecution. However, as been clearly shown, the law does not allow Defendant Officer Cornell's testimony to be construed as anything more then the testimony of a witness. Nor, under the law, can there be any denial of due process because the traffic infraction hearing was conducted without a prosecutor present. Therefore, under the weight of these legal authorities, Plaintiff will not be able to state a valid claim for relief based on these facts. Thus, leave to amend should not be granted as, under these facts, any claim for relief brought by Plaintiff will now lack of cognizable legal theory.

## V.

## CONCLUSION

For the reasons stated above, Plaintiff's First Amended Complaint is inadequate to state a cause of action under Section 1983. Therefore, Defendant Brian Cornell respectfully requests that his motion to dismiss be granted and leave to amend not be granted.

Dated: May 8, 2008　　　　　　　　　　　　MICHAEL J. AGUIRRE, City Attorney


By　/s/ Walter C. Chung
　　　DANIEL M. BAMBERG
　　　WALTER C. CHUNG
　　　Deputy City Attorneys
Attorneys for Defendant Brian Cornell