```
                                        FILED
                                      08 MAY 20 PM 3:27
1  Raymond Robinson
                                      CLERK U.S. DISTRICT ...
2  4562 Illinois St.                  SOUTHERN DISTRICT OF CA...
3  San Diego, CA 92116
4  (619) 283-3121                     BY: ECL         DEPUTY
5  xray.1@cox.net
6  in pro per
7
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>　　　　Defendants. | Case No.: '08 CV 0244 DMS (BLM)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT BRIAN CORNELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**<br><br>June 6, 2008 1:30 p.m. Courtroom 10<br>Hon. Dana M. Sabraw, District Judge<br>No objection to no oral argument. |

Plaintiff opposes as follows:

　　It is said that desperate people do desperate things. Although the facts in this matter may not be favorable to the two defendants, there must be a way to put on a defense without committing a fraud upon the court. The People should be embarrassed and the Court should be outraged by this Defendant's intentionally misleading arguments.

　　Plaintiff will oppose this motion by dissecting its contents and thereby showing the court that which it probably already sees, a deceitful misrepresentation of the issues and a Motion that fails for its dishonesty.

This action is about some of the wrongs occurring within our legal system, and the defense to this action amounts to an exacerbation of the problem. It is hoped the court will look to the good intended by Plaintiff, and apply the law without bias or partiality.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF OPPOSITION**

**I**

<u>This Defendant's first argument, beginning on p. 3, line 4 of the moving papers, attempts to deceive the court into believing that Plaintiff's claim of a due process violation is based on there being no prosecutor present during the underlying trial.</u> Defendant Cornell thereafter declares:

> "The issue presented herein is whether…a traffic infraction hearing conducted without a prosecutor…deprives the defendant of due process of the law" [Motion p. 3, lines 17-19]. Then Defendant Cornell cites the Supreme Court in support of this dreamt-up issue, as if that validates the deception [Id. lines 19-20].
>
> The real issue here, with respect to this Defendant, is whether a non-attorney can legally furnish the rebuttal argument on behalf of the State against a criminal defendant, and whether such a rebuttal renders the proceeding fundamentally unfair where the judge admittedly relies upon said rebuttal to condemn the defendant [First Amended Complaint, paragraphs 12, 15, 18-19].
>
> Whether a prosecutor was present is no more relevant than the color of the judge's socks, as the defense fully knows.

Next, Defendant Cornell proceeds to argue for a judge's right to solicit testimony from witnesses and to seek out the truth [Motion p. 3, line 21 thru p. 4, line 7]. This Defendant does not explain the relevance of such an argument, probably because none exists.

The First Amended Complaint is devoid of any issue regarding a judge's right to take testimony, solicit facts or seek the truth of any matter before him.

Defendant is boldly creating non-existent issues about which to argue, apparently believing that the court will not bother to read Plaintiff's First Amended Complaint or will be misled sufficiently to misinterpret it. Looking to Motion p. 4, lines 8-12, the defense attempts to sabotage the meaning of a citation from *People v. Marcroft* where quoting that court as declaring that *"...the citing officer who testifies...is a witness, no more, no less,"* and therefore Defendant Cornell could not possibly have "argued the law."

In keeping with this argument, the defense would have the court believe that if the testifying officer pulled out a weapon and shot the defendant, the officer would still be merely *"a witness, no more, no less."*

In the instant case, the First Amended Complaint shows the citing officer doing "more" than being a witness. Indeed, the officer is alleged to have furnished "...the People's legal argument..." [First Amended Complaint, paragraph 15]. Hence, the officer *exceeded* the parameters set by *Marcroft*. If a layperson litigant can comprehend *Marcroft*, then the intent of the defense to mislead the court seems obvious here.

Defendant Cornell concludes this argument on Motion p. 4, lines 13-19, stating that:
"...Plaintiff's (First Amended Complaint)...reveals...nothing more then (sic) ... where Judge Rubin sought to understand the true facts..."

Such a remark is so careless and irresponsible, that to characterize it as merely misleading would not give it its full due. Either Defendant Cornell has not read the First Amended Complaint, or the defense wants to make sure the court is confused enough to botch its decision.

## II

### The immunities argued by the defense are not relevant.

On p. 4 of Defendant Cornell's moving papers is Argument B, claiming that this Defendant is shielded from liability because "...the testimony of Officer Cornell cannot expose him to civil liability" [Motion p. 4, line 24].

It's a nice rule. It's just not relevant.

As anyone can see from reading the First Amended Complaint, there is no issue whatsoever regarding anyone's *testimony*. Such an issue arises solely from this Defendant's conniving imagination.

Still another whopper is seen on Motion p. 5, lines 6-7, where the defense argues,

"In as much (sic) as the gravamen of Plaintiff's (First Amended Complaint) against Defendant Cornell is his *testimony*..." [emphasis added].

Wikipedia defines gravamen as "...the essential element of a lawsuit," yet Defendant Cornell's *testimony* receives no mention whatsoever in Plaintiff's First Amended Complaint.

How, therefore, can such *testimony* be the gravamen of the Complaint? And how, therefore, can the defense remain unscathed where practicing such outright deceit upon the court? Is this the way lawyers normally go about their business? It's incredible.

The last immunity claimed by Defendant Cornell is set forth on Motion p. 5, lines 9-12, where said Defendant quotes from California law that says:

"[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment..."

It is uncertain why the defense thinks such law applies to Defendant Cornell in the instant case. There is no argument or explanation, just a

naked quotation from the California Government Code. Maybe it needs to be taken in the same context with the rest of this Defendant's delusions.

### III

<u>Defendant Cornell argues against leave to amend based upon the "*testimony*" issue and based upon the "*no prosecutor present*" issue [Motion p. 6, lines 2-5].</u>

Each of the issues raised by Defendant Cornell by way of this Motion have been shown supra to be foreign to this action, irrelevant to the Complaint, and therefore a waste of the court's time and the taxpayers' hard-earned dollar.

This Defendant should not be allowed to rely upon his misrepresentations as a basis for convincing the court to dismiss Plaintiff's lawsuit.

### IV

<u>Defendant Cornell's Representation.</u>

Plaintiff has no objection to Defendant Cornell's choice of representation, despite the apparent conflict of interest and the advantage of having virtually unlimited resources.

### V

<u>Conclusion</u>

Granting Defendant Cornell's Motion without leave to amend would seem inappropriate considering the defense's monumental betrayal of the ABA Model Code of Professional Responsibility, DR 1-102(A)(4).

It is said that desperate people do desperate things. This frivolous Motion is a testament to that. The only thing it accomplished was delay.

Plaintiff requests the court not grant this Motion, instead allowing Defendant Cornell to Answer the verified First Amended Complaint.          Respectfully,

Dated: 5-20-08                                    *Ray Robinson*

                                                  Raymond Robinson, Plaintiff in pro per