MICHAEL J. AGUIRRE, City Attorney
DANIEL M. BAMBERG, Deputy City Attorney (SBN 60499)
WALTER C. CHUNG, Deputy City Attorney (SBN 163097)
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 236-6220
    Facsimile: (619) 236-6018

To the benefit of the City of San Diego, Exempt from fees per Gov't Code § 6103.

Attorneys for Defendant
Brian Cornell

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>    Defendants. | Case No. 08 CV 0244 W BLM<br><br>**DEFENDANT BRIAN CORNELL'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. Rule 12(b)(6)]<br><br>[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1]<br><br>Date: June 6, 2008<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge: Hon. Dana M. Sabraw |

I.

**LEGAL ARGUMENT**

Plaintiff's complaint centers around his apparent dissatisfaction with the legal system which found him guilty of a traffic infraction. Two days after the conviction was overturned, Plaintiff filed this instant civil rights complaint alleging that the traffic infraction trial was handled in such a way that it deprived him of his due process rights under the Fourteenth Amendment.

Contrary to Plaintiff's allegations, nothing nefarious occurred at the traffic infraction trial. Indeed, the Engrossed Settled Statement on Appeal, attached as Exhibit "A" to Defendant Judge Rubin's Request for Judicial Notice, filed in connection with his Motion to Dismiss Plaintiff's

First Amended Complaint confirms this fact. From this settled statement of appeal, the record clearly shows a judge who sought to understand the facts of the matter and applied the law to the facts as presented by both Plaintiff and Defendant Officer Cornell. Yet, now Plaintiff complains of the conduct of Defendant Officer Cornell and Defendant Judge Rubin in those proceedings with such conduct giving rise to a civil rights complaint.

The traffic infraction trial only had three participants, Defendant Judge Rubin, Defendant Officer Cornell and Plaintiff. Because those proceedings only involved verbal communications, the only issue before this Court is whether or not the statements of these two defendants give rise to a civil rights violation. Plaintiff, in his First Amended Complaint ("FAC"), concedes that Defendant Officer Cornell was a *witness* at the trial. (See FAC ¶ 11, "Defendant Cornell was the sole government witness....") Yet, Plaintiff has alleged that Defendant Officer Cornell's testimony was really legal argument (vs. testimony) on behalf of the People of the State of California. (FAC ¶¶ 13-14). However, Plaintiff's subjective characterization is not determinative in light of the fact that the Engrossed Settled Statement shows otherwise.

Contrary to his own argument, Plaintiff now argues that his FAC has nothing to do with the testimony given by Defendant Officer Cornell at the traffic infraction trial. Plaintiff makes this argument despite the fact that the crux of Plaintiff's complaint is that "Plaintiff's due *procedural* due process rights where having a layperson argue the law on behalf of the State and having the judge rely upon said argument for the court's guilty verdict, thus rendering the underlying proceedings fundamentally unfair." [emphasis in original] (FAC ¶ 18). Incredulously, now Plaintiff argues that "Defendant Cornell's testimony receives no mention whatsoever in Plaintiff's First Amended Complaint" (Opposition 4:14-15). Plaintiff also now argues that "[a]s anyone can see from reading the First Amended Complaint, there is no issue whatsoever regarding anyone's *testimony*. Such an issue arises solely from this Defendant's conniving imagination." [emphasis in original] (Opposition 4:7-9).

Based solely on these arguments of the Plaintiff himself, the Court, as this defendant now does, has to be asking itself, then what is the crux of your complaint if it is not the testimony of Defendant Officer Cornell? Plaintiff offers no answer to that question. Nor does Plaintiff offer

any *legal arguments* to counter Defendant Officer Cornell's arguments in favor of dismissal. Rather, Plaintiff, in what can only be characterized as a rant, claims that Defendant Officer Cornell his "misled" this Court and "misinterpreted" the law. Neither of those allegations are true.

## II.

## CONCLUSION

In this instant case, Plaintiff's FAC, despite the allegations of conspiracy and "shocking the conscience of a reasonable person," reveals that the incident in question was nothing more then a traffic infraction hearing where Judge Rubin sought to understand the true facts of the situation from both the plaintiff and Defendant Officer Cornell so that he, as trier of fact, could render a fair and impartial ruling on the matter. That being the case, there was no denial of Plaintiff's due process rights. Accordingly, Plaintiff's Section 1983 claim from relief should be dismissed without leave to amend.

Dated: May 27, 2008                                    MICHAEL J. AGUIRRE, City Attorney

By   /s/ Walter C. Chung
     DANIEL M. BAMBERG
     WALTER C. CHUNG
     Deputy City Attorneys
     Attorneys for Defendant Brian Cornell