

1  Raymond Robinson
2  4562 Illinois St.
3  San Diego, CA 92116
4  (619) 283-3121
5  xray.1@cox.net
6  in pro per

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVID RUBIN and BRIAN CORNELL,<br><br>        Defendants. | Case No.:  '08 CV 0244 DMS (BLM)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JUDGE RUBIN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.**<br><br>July 11, 2008 1:30 p.m. Courtroom 10<br>Hon. Dana M. Sabraw, District Judge |

Plaintiff opposes as follows:

   This Motion by Defendant Rubin to Dismiss the First Amended Complaint (hereinafter the Complaint) cannot succeed because it ignores the material allegations of the Complaint and provides no showing of immunity.

   This Opposition will show that the strategy of the defense is to mislead the court by inventing allegations that are in harmony with law favorable to this Defendant, and also by citing favorable law without allegation of fact or fiction whatsoever in relation thereto.

   An unbiased court might look upon such a strategy as more like a confession.

1	Perhaps the most important defense for this Defendant, judicial immunity, receives
2	little attention in this Motion. It is argued in general terms, merely citing case law
3	unrelated to the allegations of the Complaint. It misleads the court and has no legal
4	effect. One might have expected a more substantial effort here.
5	Defendant Rubin, by way of this Motion, is asking the court to end the action here
6	and now. He has included 100% of the evidence necessary to prove or disprove the
7	allegations of the Complaint. Plaintiff will show the court where to find the relevant facts
8	within such evidence, so that the court might thereupon apply the law.
9	DEFENDANT RUBIN IS HEREBY NOTIFIED that Plaintiff is asking the court to treat
10	this Opposition as a Motion for Summary Judgment against Defendant David Rubin.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF OPPOSITION**

I

14	<u>Defendant's judicial immunity argument relies solely upon misleading allegation:</u>
15	Defendant's first argument (B), beginning on p. 5 of the moving papers, cites law that
16	comports only with the following three unsubstantiated and misleading non-specific
17	muddying allegations within said argument:
18	   1) "As pleaded, Plaintiff's complaint against Judge Rubin arises from his
19	   dissatisfaction with Judge Rubin's *rulings...*" [Motion p. 5, lines 9-10, emphasis
20	   added].
21	   2) "In the present matter, Judge Rubin is being sued in connection with his
22	   exercise of a *judicial function*" [Motion p. 5, lines 16-17, emphasis added].
23	   3) "In the present matter, Plaintiff has sued Judge Rubin because he presided
24	   over Plaintiff's infraction trial, found him guilty, and then sentenced him" [Motion
25	   p. 6, lines 23-24].

The defense makes no effort to substantiate any of the above three misguided conclusory allegations through reference to the Complaint, because no support lies there.

1.) Defendant Rubin's argument ignores the Complaint's allegation that this Defendant arbitrarily assigned a non-attorney to furnish the State's final legal arguments against a criminal defendant's closing arguments in the underlying trial [Complaint Para. 12].

2.) Defendant Rubin's argument ignores the Complaint's allegation that said assignment was ministerial in nature [Complaint Para. 14].

3.) Defendant Rubin's argument ignores the Complaint's allegation that this Defendant carried out said assignment in concert with said non-attorney, who neither objected to said assignment, nor hesitated to perform it [Complaint Para. 13, 15].

4.) Defendant Rubin's argument ignores the Complaint's allegation that this Defendant admittedly relied upon said non-attorney's arguments where condemning the defendant thereunder [Complaint Para. 16].

    The defense's judicial immunity argument simply does not address the Complaint. Instead, it is based upon imaginary allegations, general in nature, unsubstantiated and not relevant.

        If an argument has for its intention to cause a dismissal of a complaint, but is irrelevant to the allegations of the complaint, how can it succeed?

There has been no offer of proof of judicial immunity.

II

## Defendant's reliance on the Eleventh Amendment is a mistake.

This entire argument C, beginning on p. 7 of the moving papers, is based on Defendant Rubin's alleged belief that a Plaintiff in a section 1983 action has no right to bring a personal capacity action against a state official for acts done in an official capacity.

Nowhere within this Defendant's 3-1/2 pages of generic case law recitations is there any reference to the Complaint. There is no argument whatsoever about how all of the cited precedent applies to the instant case. It's gibberish.

The instant court certainly sees past this "defense," and it is difficult to believe that Defendant Rubin thinks he can cause the court to go astray on this issue.

Defendant Rubin has hopefully read *Kentucky v. Graham*, for that case was cited in Defendant's own moving papers [p. 9, line 13]. In *Graham*, the Supreme Court said:

> "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of law" [Id. 473 U.S. 159, 165 (1984)].

Although Defendant Rubin was acting in an official capacity when the alleged non-judicial act occurred, the defense's contention that only an official-capacity action can follow, is simply not right.

The Court of *Hafer v. Melo* added:

> "We hold that state officials, sued in their individual capacities are 'persons' within the meaning of Section 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under

section 1983 solely by virtue of the 'official' nature of their acts" [Id. 502 U.S. 21, 31 (1991)].

Hence, the Eleventh Amendment provides no protection for this Defendant. He is being sued in an *individual* capacity despite the *official nature* of the act(s) upon which the Complaint is based.

### III

### Defendant Rubin's *Rooker-Feldman* defense does not apply.

Beginning on p. 11 of the moving papers is argument D, containing no reference to the allegations of the Complaint, only a bunch of irrelevant argument. It's useless.

Defendant Rubin argues that for *Rooker-Feldman* to apply, "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment" [Motion p. 12, lines 13-14].

But despite the fact that this Defendant has included the state-court judgment within the evidentiary materials tied to this Motion, there is no attempt by this Defendant to show the court where or how the cited law applies.

That's because it doesn't. Defendant's argument is an attempt to mislead the court.

*Rooker-Feldman* does not apply here because the constitutional rights claim raised in the Complaint was not *raised or inextricably intertwined with the state-court judgment* of a traffic infraction:

> Judge Rubin: "And so after considering the cases and the arguments of both sides, both parties, I'm finding that VC 21804 (a) was violated by Mr. Robinson" [Defendant's Exh. A-9, lines 10-11].

>Clearly, the constitutional claim raised in the Complaint was not raised in the state-court Vehicle Code judgment.

According to Defendant Rubin, "(a) federal claim is considered 'inextricably intertwined' with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it'" [Motion p. 5 lines 1-3]

>If the instant case succeeds, the decision will have extended far beyond the adjudication of a traffic ticket. Indeed, the decision will show that the underlying court deliberately abused Plaintiff's constitutional right to a fair state-court proceeding, regardless of the outcome thereunder.

Therefore, according to the precedent argued by Defendant Rubin, this defense is clearly not applicable. It should be disregarded.

### IV

### The defense's argument against a conspiracy merely feeds the Complaint.

**Prelude:**  The instant court has shown its intention not to consider the criminal aspects of any matters presented in the Complaint, i.e., an alleged criminal conspiracy. If the court lacks jurisdiction to decide if a penal code has been violated, Plaintiff certainly cannot object to the court's hesitation.

However, civilly, the arguments for and against a conspiracy might play a role in deciding whether the conduct of Defendant Rubin has indeed caused a violation of a constitutional right. If the court prefers "joint activity" or some other terminology that does not sound criminal, so be it.

>Defendant Rubin has chosen to argue against a "conspiracy," apparently anticipating that the court will look to the civil aspect thereof. Plaintiff asks

the court to consider these arguments so that it might have a more complete understanding of whether a violation of right has occurred. This Defendant's argument E, beginning in page 12 of the moving papers, is an argument in favor of the Plaintiff.

Defendant Rubin cites case law where arguing, "Plaintiff must 'demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights'" [Motion p. 12, lines 19-21].

Looking to the verified Complaint, Plaintiff has put forth such a demonstration where showing an *agreement* **and** a *meeting of the minds* between the judge and a non-attorney, to have that non-attorney furnish the State's final arguments against the defendant's closing arguments [Complaint Para. 12-13, 15], rendering the proceeding constitutionally unfair.

The defense further argues, "Judge Rubin must have, 'by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage' [Motion p. 12, lines 22-24].

The defense is again providing fuel for Plaintiff's fire. The Complaint clearly describes, in detail, the joint action between Defendant Rubin and the government's witness, whose unauthorized final argument had for its purpose to violate the constitutional rights of the underlying defendant [Complaint Para. 12-13, 15-16, 18].

Defendant Rubin argues that in a conspiracy, "[t]he agreement...may be based on circumstantial evidence" [Motion p. 12, lines 25-26].

Plaintiff hereby points out such circumstantial evidence within the record, further showing the joint effort to "railroad" the defendant thereunder.

        Where said defendant put forth his fourth and final defensive argument below, the one about "...the officer has chosen the wrong statute" [Motion Exh. A-7, lines 3-9], neither the officer, in his closing arguments, nor the judge, in his judgment, ever acknowledged that such a defense had been put forth [Id. lines 26-28; Id. A-8 lines 17-28; A-9 lines 1-8], even though said defense was especially convincing on appeal [Id., B-14, argument V].

Hence, it would appear the two Defendants hereto, together combined to intentionally ignore a fact of law existing within the state-court proceeding that might have exonerated the defendant thereunder, then and there. Instead, they *took* the judgment they wanted, and here we are.

        **As an important added note**, a conspiracy is not necessary to prove this Defendant's violation of section 1983. Plaintiff need only "...show that the defendant knew about the violation and facilitated it, approved it (or) condoned it..." [Koutnik v. Brown, 351 F.Supp.2d 871, 876 (W.D.Wis. 2004)].

Returning to the instant Motion, yet within Defendant Rubin's *no conspiracy* argument, the defense again dons its deception cap where arguing, "No such facts have been or can be alleged here, where a state court judge merely ruled in a criminal action properly pending before him" [Motion p. 13, lines 1-2].

        The defense should be embarrassed by its own ignorance of the Complaint's allegations.

        But it gets worse. On Motion p. 13, lines 8-9, Defendant Rubin declares: "Plaintiff's Complaint does not...set forth any facts pertinent to this moving Defendant." What!?

> And, as was seen by this court in a previous motion to dismiss filed by this Defendant, the defense does not seem to notice its own blatant gaff, again:
>> On Motion p. 11, line 9, the defense declares:
>> "Hence, Judge Rubin should be dismissed with prejudice..."
>>> Apparently Defendant Rubin did not bother read back through his own previous misstatements, to see if they apply to the newly amended Complaint, before simply copying them to this new Motion.

The careless, unprofessional manner with which this Motion was assembled and argued, together with a surprisingly fearless standing by the defense, leads Plaintiff to question whether Defendant Rubin knows something Plaintiff does not.

## V

### Understanding the Rules

Defendant Rubin has included with this Motion a Request for Judicial Notice of certain public records evidencing the proceedings in the underlying case, then makes no attempt to reference any of that evidence where arguing the Motion, knowing the court will ignore the evidence unless directed to go to a specific location therein.

> Then Defendant Rubin makes certain the court knows it has no legal obligation to convert the 12(b)(6) Motion to Dismiss into a motion for summary judgment [Defendant's Request for Judicial Notice p. 1, lines 24-27].
>> Plaintiff does not have the legal wherewithal to understand why the defense would furnish evidence it has no intention of using, only to

/////

thereafter have a need to argue against the Motion being converted due to the presence of such evidence.

Fortunately, there is no denial of the court's right to convert this Motion where the only thing left to do is apply the law.

## VI

### Statement of Facts

1.) On November 15, 2006 Defendant herein Brian Cornell, a United States citizen residing in San Diego, California who is employed by the San Diego Police Traffic Division, issued a citation to Plaintiff herein Raymond Robinson, also a United States citizen and San Diego resident, accusing Mr. Robinson of an infraction violation of California law [Complaint Para. 6, 8-9].

2.) On February 9, 2007 the State of California conducted a court trial of said accusation, during which Mr. Robinson was self-represented, Mr. Cornell was the sole witness for the state government, and Defendant herein David Rubin, also a United States citizen and resident of San Diego, was the judge [Complaint Para. 7, 10-11].

3.) During said trial, after all the evidence was in, Judge Rubin announced that Mr. Cornell, a non-attorney, would be furnishing the rebuttal argument on behalf of the State: "He (the officer) is going to wave opening and reserve rebuttal," declared the judge [Complaint Para. 12, Defendant's Exh. A-5 lines 13-15].

4.) During said trial, when Mr. Robinson then questioned Judge Rubin whether Mr. Cornell would be arguing the People's case, Judge Rubin declared, "Right.

He has first and last but he's not going to go first. He's going to let you go instead and he's going to go last" [Defendant's Exh. A-5 lines 16-19].

5.) During said trial, there had been no overt communication between the judge and the witness regarding Mr. Cornell's prosecutorial argument duties prior to the judge's announcement thereof [Defendant's Exh. A-5 lines 19-20].

6.) During said trial, Mr. Robinson thereupon presented his case, consisting of four, specific, legal arguments, making reference to case law and statutory law alike, and explaining to the court how such law applied to the facts of the case, thereby attempting to show his innocence [Defendant's Exh. A-5 line 21 thru A-7, line 9].

7.) During said trial, when Mr. Robinson's legal arguments were complete, Judge Rubin said to Mr. Cornell, "Alright, your rebuttal" [Defendant's Exh. A-7 line 10].

8.) During said trial, Mr. Cornell made no objection to being required to furnish the People's legal argument, instead directly arguing against the first three of Mr. Robinson's four closing arguments, whereupon Judge Rubin intervened by declaring the end of oral argument: "Alright," said the judge [Defendant's Exh. A-7 lines 11-25].

9.) During said trial, Judge Rubin then pronounced judgment and, while admitting to "considering the **_arguments_** of both sides," declared Mr. Robinson guilty [Defendant's Exh. A-9 lines 9-11, emphasis added].

10.) During said trial, the defendant's fourth legal argument, that of being forced to defend against a statute unrelated to the facts of the case, received no acknowledgement whatsoever in the People's argument or the judge's judgment [Defendant's Exh. A-7 lines 26-28].

11.) Defendant's Exh. A, where Plaintiff herein gets his evidence, is the Engrossed Settled Statement of the underlying trial, certified as correct by Defendant Rubin's personal signature thereon [Defendant's Exh. A-9 lines 23-27].

The above-evidenced conduct of Defendant Rubin raises a federal question within this court's jurisdiction, as to whether said conduct was in violation of the Fourtheenth Amendment to the United States Constitution and therefore actionable under 42 U.S.C. section 1983 for breaching Plaintiff's right to a fundamentally fair state-court proceeding.

## ARGUMENT

**A.) It would seem appropriate to attend to the judicial immunity issue first.**

As was seen supra at p. 2-3, there is actually no issue here. Defendant Rubin's argument totally ignored the material allegations of the Complaint. Such argument is therefore not relevant to the Complaint and has no place in a motion to dismiss the Complaint.

On the flipside, Plaintiff contends that Defendant Rubin had no jurisdiction whatsoever to arbitrarily assign a non-attorney to furnish the State's final arguments against the defendant in the underlying criminal proceeding.

>If that assignment of duties by Defendant Rubin, to Mr. Cornell, was ministerial in nature (or administrative), there is obviously no judicial immunity to consider. If not, there is still no such immunity because no discretion existed to do the act, making it again ministerial.
>
>>In a case cited as *In Re Allen,* it was said that a public official bears the burden of demonstrating that the conduct complained of in a section 1983 action falls within the scope of the official's duties [Id., 106 F.3d 582 (4th Cir. 1997) at 584].
>
>Plaintiff challenges Defendant Rubin to show the court the legality of the non-attorney's legal argument, or the right of Defendant Rubin to have assigned Mr. Cornell to argue the People's side.
>
>>"(J)udicial immunity…is not absolute. A judge may be subject to liability when he has acted in the 'clear absence of all jurisdiction.'"
>>
>>[Schorle v. City of Greenhills, 524 F.Supp. 821 (1981) at 828].
>
>Defendant Rubin has made no affirmative case for judicial immunity. Such a defense must be proven to be relied upon. Ignoring the allegations of the Complaint is hardly a means of proof.

**B.) <u>A violation of section 1983 is not necessarily a complicated thing.</u>**

>Citing *Kentucky v. Graham* again, supra at p. 4, the Court said:
>
>>"On the merits, to establish *personal* liability in a (section) 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right" [Id. at 166].

      a.)  There seems no possibility that anyone might endeavor to argue that Defendant Rubin, a state official, was not acting under color of law during the underlying state-court trial.

      b.)  This leaves only the deprivation of a federal right, and no one is likely to argue that the right claimed by Plaintiff, that of a fundamentally fair state-court proceeding, is not a federal right.

      c.)  This leaves only the deprivation issue, and no one is likely to argue that a deprivation did not occur where the judge arranged for the People of the State of California to be represented by an untrained, unqualified, unlicensed, non-bar member to get up there and argue the law against the defendant's final efforts to argue his innocence, and, to top it off, where the court admittedly relied upon the "**arguments**" of said untrained, unqualified, unlicensed, non-bar member, where condemning the defendant thereunder.

A deprivation of right has been shown. Clearly each of the elements to establish the personal liability of this Defendant has been evidenced [see supra, pgs. 9-11, *Statement of Facts*, Para. 2-4, 7,8,10-11].

      "Where an official could be expected to know that certain conduct would violate…constitutional rights, he should be made to hesitate" [Harlow v. Fitzgerald, 457 U.S. 818 (1981) at 819].

      "(W)e (The Supreme Court) provide no license to lawless conduct" [Id].

**C.) <u>Plaintiff withdraws his claim of a Substantive Due Process violation.</u>**

Although the relevant conduct of this Defendant may have been "shocking," Plaintiff is unable to set forth a convincing argument.

Defendant Rubin will *not* be held to defend against a Substantive Due Process claim by this Plaintiff.

### D.) Summary Judgment Discussion

Defendant Rubin has submitted a Request for Judicial Notice that includes the underlying Engrossed Settled Statement upon which Plaintiff relies to prove the material allegations of the Complaint. The law says that,

> "(b)ecause credibility is not an issue on summary judgment, the non-movant's evidence must be accepted as true for purposes of the motion" [Hellman v. Gugliotti, 279 F.Supp.2d 150 D.Conn. 2003 at 154].

Further, in the instant Motion to Dismiss, this Defendant has not substantiated any of the allegations appearing within his arguments:

> "(U)nsupported allegations do not create a material issue of fact" [Id.].
> If the non-movant fails to come forward with specific facts showing a genuine issue for trial, summary judgment should be granted [Id.].

### E.) Damages.

The conduct of Defendant Rubin is clearly reprehensible, in that he has deliberately breached the most important Oath of his Office, to uphold the Constitution.

A war against the Constitution should be met with a meaningful penalty so that this Defendant might never again cross such a line, and so that other judges might take notice and be reminded to fully appreciate the constitutional rights of the citizens who appear before them.

42 U.S.C. section 1983 authorizes nominal, actual and exemplary damages.

/////

> "When government officials abuse their offices, 'action[s] for damages may offer the only realistic avenue for vindication of constitutional guarantees'" [Anderson v. Creighton, 483 U.S. 635 (1986) at 638].

<u>Wherefore</u>, Plaintiff requests the court find each and every one of this Defendant's moving arguments to be legally insufficient.

Plaintiff further requests that the court deny this Defendant's Motion to Dismiss the First Amended Complaint, grant Plaintiff's Motion for Summary Judgment, and declare the liability of David Rubin.

Respectfully,

Dated: 6-18-08

*Ray Robinson*

Raymond Robinson

Plaintiff, in pro per

/////