1  Raymond Robinson
2  4562 Illinois St.
3  San Diego, CA 92116
4  (619) 283-3121
5  xray.1@cox.net
6  in pro per

FILED
JUN 2 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON, | Case No.: '08 CV 0244 DMS (BLM) |
| Plaintiff, | **NOTICE OF APPEAL** |
| vs. | |
| DAVID RUBIN and BRIAN CORNELL, | |
| Defendants. | |

Notice is hereby given that Raymond Robinson, Plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order dismissing the complaint with prejudice as to Defendant Brian Cornell entered in this action on the Ninth day of June, 2008.

Dated: 6-25-08

_Ray Robinson_
Raymond Robinson, Plaintiff in pro per

Notice of Appeal - 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>DAVID RUBIN AND BRIAN CORNELL,<br><br>　　　　　　　　　Defendants. | CASE NO. 08cv0244 DMS (BLM)<br><br>ORDER GRANTING DEFENDANT BRIAN CORNELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>[Docket No. 20] |

This matter comes before the Court on Defendant Brian Cornell's motion to dismiss Plaintiff's First Amended Complaint. Plaintiff has filed an opposition to the motion, and Defendant Cornell has filed a reply. On June 3, 2008, the Court found the motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court grants the motion to dismiss.

## I.
## BACKGROUND

This case arises out of a traffic citation that Defendant Cornell issued to Plaintiff on November 15, 2006. On February 9, 2007, Defendant David Rubin, a San Diego Superior Court judge, held a hearing on the traffic citation. Plaintiff and Defendant Cornell appeared and testified at the hearing, at the conclusion of which Judge Rubin found Plaintiff guilty.

///
///

Plaintiff filed the present case against Judge Rubin and Defendant Cornell on February 7, 2008. Defendants each filed motions to dismiss the complaint, which were denied as moot upon the filing of Plaintiff's First Amended Complaint.

In the First Amended Complaint, Plaintiff alleges the Defendants conspired to deprive him of his due process rights as protected under and guaranteed by Section 1 of the Fourteenth Amendment. Plaintiff also alleges the Defendants violated California Civil Code sections 1708, 1709, 1710 and California Penal Code sections 182(a)(1) and 182(a)(5).[1] Judge Rubin filed a motion to dismiss the First Amended Complaint on May 21, 2008, and a hearing on the matter is scheduled for July 11, 2008.

## II.

## DISCUSSION

Defendant Cornell moves to dismiss the First Amended Complaint for two reasons. First, he argues Plaintiff has failed to state a claim upon which relief can be granted. Second, he asserts he is immune from liability.

### A. Failure to State a Claim

Dismissal pursuant to Rule 12(b)(6) is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a 12(b)(6) motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, the court need not accept all conclusory allegations as true; rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). *See also Benson v. Arizona State Bd. of Dental Examiners*, 673 F.2d 272, 275-76 (9th Cir. 1982) (court need not accept conclusory legal assertions); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977)

---

[1] Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as to the state law claims under California Civil Code sections 1708, 1709, 1710. The Court also declines to address Plaintiff's criminal claims because a private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

1  ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under
2  the Civil Rights Act."); *accord Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) ("All
3  well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."). A claim
4  "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in
5  support of his claim which would entitle him to relief." *Perfect 10, Inc. v. Visa Intern. Service Ass'n*,
6  494 F.3d 788, 794 (9th Cir. 2007) (quoting *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.
7  2002)).

8        To allege a claim of conspiracy under Section 1983, Plaintiff must allege facts with sufficient
9  particularity to show an agreement or a meeting of the minds to violate the Plaintiff's constitutional
10 rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d
11 1121, 1126 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights
12 violations are not sufficient to withstand a motion to dismiss." *Ivey v. Board of Regents*, 673 F.2d
13 266, 268 (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory
14 allegations of conspiracy insufficient to support a claim under Section 1983 or 1985). Here, Plaintiff
15 has failed to allege any facts which show an agreement or meeting of the minds to violate any of
16 Plaintiff's constitutional rights. *See Woodrum*, 866 F.2d at 1126.

17       Even if Plaintiff had alleged facts to support this element of his claim, this Court agrees with
18 Defendant that Plaintiff has no legal basis for a Section 1983 claim. The California Supreme Court
19 has specifically held that a traffic infraction hearing conducted without a prosecutor where a judge
20 calls and questions the officer who issued the citation does not violate due process. *People v.
21 Carlucci*, 23 Cal 3d. 249, 256 (1979). When Defendant Cornell testified regarding the circumstances
22 of the citation, he was a witness, not a prosecutor. As a trier of fact, Judge Rubin sought to understand
23 the facts of the incident through the testimony of Plaintiff and Defendant Cornell. Accordingly, the
24 Court grants Defendant Officer Cornell's motion to dismiss Plaintiff's conspiracy claims pursuant to
25 Federal Rule of Civil Procedure 12(b)(6).

26 **B.  Immunity**

27       Defendant Cornell is immune from civil liability for his testimony as a witness in the traffic
28 infraction proceedings. Like other witnesses, a police officer who testifies in a criminal proceeding

is immune from civil liability, even if he committed perjury. *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983). In light of the immunity afforded to Defendant Cornell as a witness, this Court declines to address additional immunities raised by Defendant. Accordingly, this Court grants Defendant's motion to dismiss because Defendant Officer Cornell is absolutely immune from civil liability for his testimony.

### III.
### CONCLUSION AND ORDER

In light of the above, the Court GRANTS Defendant's motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's First Amended Complaint is hereby dismissed as against Defendant Cornell without leave to amend.

**IT IS SO ORDERED.**

DATED: June 9, 2008

HON. DANA M. SABRAW
United States District Judge

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

**Date:** 06/26/08

## Case Information

Case Title: Raymond Robinson v. David Rubin, et al
U.S.D.C. No.: 08cv244 DMS (BLM)   U.S.D.C. Judge: Dana M. Sabraw
Complaint/Indictment/Petition Filed: Complaint
Appealed Order Entered: 6/9/2008
Notice of Appeal Filed: 6/25/2008
Court Reporter: n/a
COA Status: [ ] Granted in full/part (appeal only)   [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [x] Paid   [ ] Not Paid   [ ] No Fee Required
USA/GOVT. APPEAL: [ ] Yes   [x] No
Date F/P granted (Show Date and Attach Copy of Order): ____
Was F/P Status Revoked?   [ ] Yes   [ ] No
Companion Case(s): (Please list consolidated cases, if applicable) ____

## Counsel Information

**Appellant Counsel:**
Raymond Robinson

4562 Illinois Street

(619) 283-3121

**Appellee Counsel:**
Cheryl Lynn Brierton
Superior Court of CA, County of San Diego
220 West Broadway
San Diego, CA 92101

(619) 450-5356

Counsel Status: [ ] Retained   [ ] Appointed   [x] Pro Se
Appointed by: ____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: n./a
Bail: ____

Custody: _____

## SERVICE LIST

Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order granting motion to dismiss first amended complaint against defendant Cornell entered 6/9/2008 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Lauren Hammer                                    **L. Hammer**
_____                            _____
Deputy's Name                                     Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: USCA No:
USDC No: 08cv244 DMS (BLM)
Robinson v. Rubin, et al

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | |
|---|---|---|---|---|
| X | Copy of the Notice of Appeal | | | |
| X | Case Information/Docket Fee Payment Notification Form | X | | Docket Entries |
| | Order for Time Schedule (Criminal) | | | |
| | Original Clerk's Record in | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | set(s) of | | volume(s). |
| | Exhibits in envelope(s) | box(es) | | folders(s) |
| | Judgement Order | | | |
| | CJA Form 20 | | F/P Order | |
| | Certificate of Record | | Minute Order | |
| | Magistrate Judge's Report and Recommendation | | Mandate Return | |
| | COA Order | | | |
| | Amended docket fee notification form | | | |
| | Order Appointing Counsel for Appeal | | | |
| X | Order granting motion to dismiss amended complaint against dft. Cornell entered 6/9/2008 | | | |
| X | Please acknowledge on the enclosed copy of this transmittal | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

By: **L. Hammer**
Lauren Hammer, **Deputy**

06/26/08