# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ROBINSON,<br><br>                             Plaintiff,<br>vs.<br><br>DAVID RUBIN AND BRIAN CORNELL,<br><br>                            Defendants. | CASE NO. 08cv0244 DMS (BLM)<br><br>**ORDER GRANTING DEFENDANT DAVID RUBIN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[Docket No. 22]** |

     This matter comes before the Court on Defendant David Rubin's motion to dismiss Plaintiff's First Amended Complaint. Plaintiff has filed an opposition to the motion, and Defendant Rubin has filed a reply. On July 2, 2008, the Court found the motion suitable for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court grants the motion to dismiss.

## I.
## BACKGROUND

     This case arises out of a court trial following the issuance of a traffic citation by Officer Brian Cornell to Plaintiff on November 15, 2006. On February 9, 2007, Defendant Rubin, a San Diego Superior Court judge, presided over the trial on the traffic citation. Plaintiff and Officer Cornell appeared and testified at the trial, at the conclusion of which Defendant Judge Rubin found Plaintiff

guilty of an infraction violation of California Vehicle Code section 21804, subdivision (a).[1] Plaintiff appealed his conviction, and on January 18, 2004, the state appellate panel reversed the judgment of the trial court and dismissed the case in the interests of justice.

Plaintiff filed the present case against Defendant Rubin and Defendant Cornell on February 7, 2008. Defendants each filed motions to dismiss the Complaint, which were denied as moot upon the filing of Plaintiff's First Amended Complaint. In the First Amended Complaint, Plaintiff alleges the Defendants conspired to deprive him of his due process rights as protected under and guaranteed by Section 1 of the Fourteenth Amendment. Plaintiff also alleges the Defendants violated California Civil Code sections 1708, 1709, 1710 and California Penal Code sections 182(a)(1) and 182(a)(5). Defendant Cornell filed a motion to dismiss the First Amended Complaint on May 8, 2008, and this Court granted Defendant Cornell's motion on June 9, 2008.

## II.

## DISCUSSION

Defendant Rubin moves to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Defendant Rubin argues that the Complaint fails to state a claim for which relief can be granted and that he is immune from suit based on the doctrine of judicial immunity. Defendant Rubin also argues that this Court lacks jurisdiction based upon state sovereign immunity and the *Rooker-Feldman* abstention doctrine. Plaintiff disputes each of these arguments.

Dismissal pursuant to Rule 12(b)(6) is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In deciding a 12(b)(6) motion, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). However, the court need not accept all conclusory allegations as true;

---

[1] California Vehicle Code section 21804 [Entry onto highway], subdivision (a), provides: "The driver of any vehicle about to enter or cross a highway from any public or private property, or from an alley, shall yield the right-of-way to all traffic, as defined in section 620, approaching on the highway close enough to constitute an immediate hazard, and shall continue to yield the right-of-way to that traffic until he or she can proceed with reasonable safety."

1  rather, it must "examine whether conclusory allegations follow from the description of facts as alleged
2  by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted). A claim
3  "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in
4  support of his claim which would entitle him to relief." *Perfect 10, Inc. v. Visa Intern. Service Ass'n*,
5  494 F.3d 788, 794 (9th Cir. 2007) (quoting *Rodriguez v. Panayiotou*, 314 F.3d 979, 983 (9th Cir.
6  2002)), *cert. denied*, 128 S. Ct. 2871 (2008).

7        The doctrine of judicial immunity bars civil suits for money damages under Section 1983
8  against judicial officers for alleged constitutional violations. *Stump v. Sparkman*, 435 U.S. 349, 354
9  (1978). Judges have absolute immunity from suit for judicial acts taken within the jurisdiction of their
10 courts. *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1984). An act is "judicial" if it is the type
11 of act which is normally performed by a judge and if it is performed by the judge in his or her judicial
12 capacity. *Stump*, 435 U.S. at 362. A judicial act does not become less "judicial" because of an
13 allegation of malice or ill-motive. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity
14 encompasses injurious legal error, *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985), bad faith and
15 malice, *Mireles*, 502 U.S. at 11, and the commission of grave procedural errors. *In re Castillo*, 297
16 F.3d 940, 947 (9th Cir. 2002) (citing *Stump*, 435 U.S. at 359).

17       Absolute judicial immunity shields Defendant Rubin from Plaintiff's claims. Traffic infraction
18 proceedings are properly within a California court's subject matter jurisdiction. *See People v. Williams*,
19 145 Cal. App. 4th 756, 760 (2006). Additionally, this Court agrees with Defendant that Judge Rubin
20 was acting in his official capacity during the traffic infraction proceedings when he sought to
21 understand the facts of the case through the testimony of Plaintiff and Officer Cornell. Acting as trier
22 of fact during a traffic infraction proceeding is a typical judicial function. Such conduct cannot be the
23 basis of any civil claim because it is precluded by the doctrine of absolute judicial immunity. Since the
24 First Amended Complaint is barred by judicial immunity and thus does not contain any factual
25 //
26 //
27 //
28 //

allegations consistent with a right to relief, the Court grants the Defendant's motion to dismiss the First Amended Complaint.[2]

### III.
### CONCLUSION AND ORDER

In light of the above, the Court GRANTS Defendant's motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff's First Amended Complaint is hereby dismissed without leave to amend. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

DATED: July 23, 2008

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] Because the Court dismisses Plaintiff's claims pursuant to judicial immunity, the Court declines to address Defendant's arguments for dismissal relating to sovereign immunity and the abstention doctrine.